**Dannie McVEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 18S00–8802–CR–238.**

Supreme Court of Indiana.

Dec. 7, 1988.

Kelly N. Bryan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Armed Robbery, for which he received a sentence of twenty (20) years. He was also found to be an habitual criminal, for which the trial judge erroneously gave a separate sentence of twenty (20) years which he ordered to be served consecutively to the sentence for armed robbery. Therefore this case will be remanded for the correction of sentence.

The facts are: At approximately 10:00 p.m. on March 18, 1987, David Simmons was working alone in Larry's Liquors in Muncie when two masked men entered, one wearing a wolf mask and carrying a sawed-off shotgun and the other, later identified as appellant, wearing a blue ski mask. Each man was about five feet ten inches tall and weighed approximately 150

pounds. The man later identified as appellant was wearing a plaid shirt and blue jeans. The other man, later identified as Ron Hatfield, was clad in a gray sweat shirt and blue jeans. Hatfield demanded that Simmons open the cash register. The robbers took a total of $800, a check, and a juvenile's drivers license. They then ordered Simmons into the cooler in the back of the store and left.

Michelle Phipps, with whom appellant lived, testified that early in the day on the date of the robbery she saw appellant and Hatfield (who admitted his participation in the robbery) at her house. Hatfield was cleaning a sawed-off .16 gauge shotgun and had a wolf mask and a green bag in his possession. Appellant was putting holes in a ski hat which belonged to Phipps's daughter. Appellant told her earlier in March that he had been thinking about robbing a business or burglarizing a residence to obtain money.

Later that night Phipps arrived home from work and shortly thereafter appellant, Hatfield, and a woman arrived. Hatfield made a comment that everything went off "without a hitch," and he and appellant began counting money. In with the money, they discovered a personal check and a drivers license which appellant burned in an ashtray in Phipps's living room. Following appellant's arrest, a search of Phipps's apartment revealed a wolf mask, shotgun shells, a child's blue ski mask with holes poked through it, and a denim bag with a slit cut through it.

Appellant claims insufficiency of the evidence to sustain his conviction in that Simmons could not identify the robbers by their facial features. Therefore the conviction rests solely on circumstantial evidence which appellant argues is insufficient. Although he could not identify the men by their facial features, he did identify the robbers by height, weight, the type of masks they wore, and the type of weapon used.

■ The testimony of Phipps as above set out clearly tied all of these objects to appellant including the presence of a check and a drivers license commingled with the money which was divided in Phipps's apartment. This coincided with Simmons' statement that such objects were taken with the money. The elements of the offense may be established solely by circumstantial evidence and logical inferences drawn therefrom. *Owens v. State* (1987), Ind., 514 N.E.2d 1257. The record in this case is sufficient to sustain appellant's conviction.

■ Appellant contends State's Exhibits Nos. 24 and 25 which purported to show prior felony convictions of appellant should not have been admitted into evidence at the habitual offender portion of the trial because he claims they were not properly identified by court personnel. Appellant takes the position that the State was required to produce someone of authority from the clerk's office to testify that the person who certified these records was in fact the clerk. This is not a requirement.

Indiana Rules of Trial Procedure 44 provides that official records kept within the United States or any state are admissible if certified by an officer having official duties in the jurisdiction in which the record is kept and which certification is authenticated by the seal of his office. This Court has previously held that copies of court docket sheets properly certified are admissible in an habitual offender proceeding as proof of prior convictions. *Connell v. State* (1984), Ind., 470 N.E.2d 701; *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60. It is not necessary to present live testimony to verify such authentication. *Clark v. State* (1986), Ind., 498 N.E.2d 918.

■ At the time the exhibits were placed in evidence, Mary Jones, Chief Probation Officer of the Jay Circuit Court, identified appellant as the person whose name appears on those exhibits. We would further point out that appellant himself testified that he had been convicted in Jay County of theft for which he received a sentence of two years. Upon questioning by the trial judge, he also stated that he had been convicted of burglary in the Jay Circuit Court.

There is ample evidence in this record to sustain the jury's finding that appellant was an habitual offender.

 Appellant contends the trial court erred in cross-examining appellant concerning the burglary conviction in Jay County because that subject had not been raised on direct examination. At the time the judge asked the question on cross-examination, the State had submitted proper proof of both prior felony convictions. When appellant took the witness stand and testified concerning the one conviction and the fact that it was still on appeal, he subjected himself to full questioning on the entire subject matter of his habitual offender standing. A judge is entitled to question a witness as long as it is not done to improperly influence a jury. *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611. Proof of appellant's prior convictions having already been established, the judge's question to appellant was merely repetitious. We see no reversible error resulting therefrom.

Appellant claims the trial court erred in its failure to consider circumstances in mitigation when it sentenced him. Appellant contends the trial court should have considered his youthful age, which was twenty-four years, his respectful attitude toward the court during trial, and his addiction to drugs as mitigating circumstances. In view of appellant's past criminal record and the fact that his girl friend had testified that he had remained unemployed for over a year, it can hardly be said that those factors which appellant sets out as mitigating should have been so considered by the trial court. As pointed out by the State, it is entirely within the discretion of the trial court as to the use of mitigating circumstances. *Crandall v. State* (1986), Ind., 490 N.E.2d 377.

We do observe that in sentencing appellant the trial court stated that he found aggravating circumstances sufficient to enhance the presumptive ten (10) year sentence for the armed robbery, a Class B felony, by ten (10) years, thus making it a twenty (20) year sentence. The only aggravating circumstances he gave were the fact that appellant had twice previously been convicted of felonies and that a firearm was used in the perpetration of the robbery. Inasmuch as the use of the gun was what raised the robbery to a Class B felony and the two previous felonies are what supported the habitual offender finding, they cannot standing alone be the aggravating circumstances to justify the enhanced sentence for the robbery. *Green v. State* (1981), Ind., 424 N.E.2d 1014.

As pointed out in the beginning of this opinion, the trial court also erred in sentencing appellant to a separate twenty (20) year term on the charge of being an habitual offender. *Dullen v. State* (1986) Ind., 496 N.E.2d 381. As this Court has repeated many times, the status of habitual offender is not a separate offense. If it were to be so construed, it would violate the double jeopardy clause of our constitution. The habitual offender statute simply permits a trial court to impose an enhanced sentence because of the status of the offender. When a defendant has been found to be an habitual offender, the proper procedure is for the trial court to enhance the penalty for the instant crime by an amount in keeping with the statute.

This cause is remanded to the trial court for re-sentencing of appellant not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.