## Michael D. BISHOP, Appellant (Defendant),

v.

## STATE of Indiana, Appellee (Plaintiff).

### No. 49A02–8810–CR–00382.

Court of Appeals of Indiana,
Second District.

July 10, 1989.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

### CASE SUMMARY

Appellant-defendant Michael D. Bishop (Bishop) appeals from his conviction of auto theft,[1] a class C felony, claiming there was insufficient evidence to support the verdict.

We affirm.

### FACTS

On February 2, 1988, Gerald Zinermon (Zinermon) was at his sister's home in Indianapolis. Zinermon's 1966 Buick automobile was parked in front of the house and at approximately 10:30 p.m., he left the house and started his car. He left it running, went back inside, and approximately five minutes later Zinermon observed that a man, later identified as Bishop, got into the car and drove away.

Zinermon immediately called the police, and Indianapolis Police Officer Matt Faber (Faber) drove to the vicinity, saw the vehicle and began pursuit. As the chase progressed, Bishop finally struck another automobile, spun around, and hit a telephone pole. Bishop immediately ran from the car but Faber did not pursue him because he believed others at the scene may have been injured.

Faber issued a description of Bishop over the police radio and shortly thereafter, he was informed that another officer apprehended a suspect matching Bishop's description. Faber drove to the scene and positively identified Bishop as the man who

---

1. Ind.Code 35–43–4–2.5 (1988).

was driving Zinermon's automobile. Bishop was arrested and charged with auto theft as a class D felony, and the State elevated that offense to a class C felony, alleging that Bishop had a prior conviction for that offense. Bishop was also charged with resisting law enforcement,[2] a class A misdemeanor, and failing to stop after an accident,[3] a class B misdemeanor.

Following a trial by court on April 26, 1988, Bishop was convicted of all charges and sentenced to five years for auto theft, one year for resisting law enforcement, and 180 days for fleeing the scene, with the sentences to run concurrently.

### ISSUE

The sole issue Bishop presents for our review is:

Whether the evidence was sufficient to support the conviction for auto theft as a class C felony?

### DECISION

PARTIES' CONTENTIONS—Bishop asserts that the evidence was not sufficient to sustain a conviction for auto theft as a class C felony. The State responds that it produced sufficient evidence of probative value to support the conviction.

CONCLUSION—The evidence sufficiently supported Bishop's conviction for class C auto theft.

IC 35–43–4–2.5 provides in pertinent part that:

"(b) A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive ...

.    .    .    .    .

commits auto theft, a class D felony. *However, the offense is a Class C felony if the person has a prior conviction of an offense under this subsection...."*

This court will not reverse a conviction if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Alfaro v. State* (1985),

Ind., 478 N.E.2d 670. The State bears the burden of introducing sufficient evidence from which the fact-finder can determine the existence of each element of the offense beyond a reasonable doubt. *Montego v. State* (1987), Ind., 517 N.E.2d 74; *Finch v. State* (1987), Ind., 510 N.E.2d 673.

The State's information charging Bishop with a class C felony alleged that he had committed the prior theft "in Marion County, Municipal Court No. Six, Cause No. 80687–00003, on June 1, 1987...." *Record* at 5.

The Indiana Supreme Court has decreed that when a statute imposes a greater punishment upon a second and subsequent conviction of an offense, the former conviction must be alleged in the information, and proved at trial. *Minton v. State* (1966), 247 Ind. 307, 214 N.E.2d 380.

The information has specifically alleged the former conviction. Step one accomplished. Then at trial came step two. On direct examination Bishop himself testified:

"Q. Now, Michael, you have a prior conviction for *Auto Theft*, am I correct?

A. Yes, sir.

Q. And, that was in 19, what, 86?

A. Yes, sir.

Q. You pled guilty to that, am I correct?

A. *Yes, sir.*"

*Record* at 117 (emphasis supplied). On cross examination, Bishop again acknowledged the prior conviction of auto theft, but agreed it occurred in 1987. *Record* at 127.

At the conclusion of the trial, the judge asked the deputy prosecutor if there was anything further, and the following exchange occurred:

"MR. DALY: Yes, Judge. We have alleged, on part two of the information, that Mr. Bishop has a prior Vehicle Theft conviction. Would ask the Court to take, uh, incorporate part of the testimony it's heard. Mr. Bishop

---

**2.** Ind.Code 35–44–3–3 (1988).

**3.** Ind.Code 9–4–1–40 (1988).

has admitted on the stand he has a prior Auto Theft conviction.

THE COURT: We will do that.

MR. DALY: Okay. That would avoid having a fingerprint ...

THE COURT: No problem.

MR. DALY: ... person, court records.

THE COURT: No problem.

MR. DALY: Okay."

*Record* at 149–50.

In none of this testimony acknowledging the previous auto theft is there any hint that the theft was committed anywhere else other than Indiana.

■ So we reject Bishop's fanciful idea that the State failed to demonstrate that he committed the previous theft in Indiana in accordance with IC 35–43–4–2.5, *see appellant's brief* at 9. A defendant's in-court admission that he committed a prior offense is evidence that may be considered in determining whether an enhancement of the sentence for the crime charged will result. *See McVey v. State* (1988), Ind., 531 N.E.2d 458; *Gillie v. State* (1984), Ind., 465 N.E.2d 1380. The trier of fact may draw reasonable and logical inferences from the evidence presented in order to render a verdict. *See Alfaro, supra.* While no *direct* evidence established that Bishop committed the prior auto theft in Indiana, he testified that he was born in Indianapolis, and had resided there all of his life. *Record* at 117. Further, he made no effort to challenge the specific statement in the Information that the prior conviction was committed in Indiana. In light of the above and Bishop's admission of a prior 1987 auto theft conviction, it was reasonable for the trial court to infer that the conviction occurred in Indiana. The evidence, therefore, sufficiently demonstrated that Bishop committed class C auto theft.

Affirmed.

BAKER, J., concurs.

SHIELDS, P.J., dissents with opinion.

SHIELDS, Presiding Judge, dissenting.

Auto theft as a class C felony requires proof of a prior conviction for auto theft under IC 35–43–4–2.5 (1988). An essential element of that proof is that the prior conviction of auto theft is an Indiana conviction. Otherwise, the conviction could not be "a prior conviction of an offense under this subsection." IC 35–43–4–2.5(c). The State recognized this requirement when, in the enhancing count, it alleged Bishop was convicted of the prior auto theft offense "in Marion County, Municipal Court No. Six, Cause No. 80687–00003, on June 1, 1987...." Record at 5. Unfortunately, it forgot the requirement when it offered its evidence. Even more unfortunate is the majority's willingness to shift the burden of proof on this conviction from the State to Bishop ("Further, [Bishop] made no effort to challenge the specific statement in the Information that the prior conviction was committed in Indiana.") (Slip opinion at 5.) and to conclude that Bishop's birthplace and life long residency is evidence the prior crime he admittedly committed occurred in Indiana.

I vote to reverse Bishop's conviction of auto theft as a class C felony and remand with instructions to re-enter his conviction as a class D felony.