**Michael D. BISHOP, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 49A02–8810–CR–00382.

Court of Appeals of Indiana, Second District.

Dec. 11, 1989.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

294

BUCHANAN, Judge.

## ON REHEARING

In our original opinion, *Bishop v. State* (1989), Ind.App., 540 N.E.2d 1246, we affirmed the defendant's conviction for auto theft as a class C felony following a court trial. We now address Bishop's petition for rehearing for the limited purpose of expanding upon our earlier discussion.

Bishop's position is that our opinion erroneously determined that the evidence was sufficient to support the conviction and that we erred in shifting the burden of proof from the State to the defendant. The charging information recited in part that Bishop had committed a prior auto theft "in Marion County, Municipal Court No. 6, Cause No. 80687–00003, on June 1, 1987...." *Record* at 5.

At trial, Bishop unequivocally admitted that he was convicted of auto theft in 1987. *Record* at 117, 127. Moreover, Bishop testified that he was born in Indianapolis and had resided there his entire lifetime. *Record* at 117. There was no evidence introduced of any other prior crime that Bishop might have committed. The inference was unmistakable that the incident Bishop testified to was the offense charged in the information. There was no other reasonable inference that the finder of fact could have drawn other than that the prior auto theft Bishop testified to was the offense alleged in the information. The trial judge was warranted in concluding that the evidence sufficiently supported Bishop's conviction for auto theft as a class C felony.

The burden of proof as to the prior theft has not been shifted to Bishop. From his own mouth he voluntarily admitted the prior theft under circumstances creating a strong inference that the crime was committed in Indiana. The proof of the elements of a crime can appear at any stage of the trial. *See Hubbard v. State* (1987), Ind., 514 N.E.2d 1263; *Pointer v. State* (1986), Ind., 499 N.E.2d 1087.

Bishop's petition for rehearing is denied.

BAKER, J., concurs.

SHIELDS, P.J., dissents and would grant rehearing.