**TIPMONT RURAL ELECTRIC MEMBERSHIP CORPORATION, Appellant (Defendant below),**

v.

**Gregg FISCHER and Susan Fischer, Appellees (Plaintiffs below).**

**No. 61S05–9909–CV–482.**

Supreme Court of Indiana.

Sept. 15, 1999.

---

4. This section was recently recodified at Ind. Code § 34–11–2–7(1).

Peter L. Ombremskey, Lebanon, IN, John R. Kenley, Rockville, IN, Attorneys for Appellant.

Max E. Goodwin, James O. McDonald, Terre Haute, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

When the defendant in a civil jury trial seeks to appeal on grounds that the jury's verdict exceeded the scope of the evidence, must it first have filed a motion to correct error under Ind.Trial Rule 59? We hold that it need not do so.

Appellees Greg and Susan Fischer sued Tipmont Rural Electric Membership Corporation for damage done to their dairy herd by stray voltage. The jury awarded nearly $1.7 million.

On appeal, Tipmont asserted among other things that the verdict exceeded even the evidence most favorable to the Fischers. The Court of Appeals held that this claim fell within Trial Rule 59(A)(2) ("claim that jury verdict is excessive or inadequate") under which a motion to correct error is a mandatory condition before appeal. *Tipmont Rural Elec. Membership Corp. v. Fischer*, 697 N.E.2d 83 (Ind.Ct. App.1998). We granted transfer to address this point.

■ The provisions of Rule 59(A)(2) are designed to govern requests that the trial judge exercise the common law powers of additur and remittitur. Judges have long been called upon to consider whether a verdict is manifestly unjust because the amount set by the jury is patently inadequate or excessive, as Judge Staton so helpfully pointed out in two important opinions, *Borowski v. Rupert*, 152 Ind.App. 9, 281 N.E.2d 502 (1972) (tracing history of additur and remittitur and affirming trial court's order for new trial unless defendant accepted additur), and *Dahlin v. Amoco Oil Corp.*, 567 N.E.2d 806, 812 (Ind.Ct.App.1991) (remittitur "sanctioned upon the theory that the excess portion of the verdict arises from an error of law, a mistake in computation, or a misapprehension of facts which does not permeate the entire verdict and may therefore be corrected"; grant of new trial subject to remittitur affirmed).

■ Requests to invoke these common law powers are specially directed to the judge who presided at trial and thus must be presented to that judge under Rule 59 before the matter is eligible for appeal. By contrast, a claim that the verdict was outside the scope of the evidence presents a more ordinary question about the sufficiency of the evidence supporting the verdict. These claims may therefore be presented to the courts of appeal without the need for a motion to correct error.

■ Though the Court of Appeals was wrong on this point of procedure, it did examine Tipmont's claim about excessive damages on the merits. We conclude that on this and other contentions of error the Court of Appeals reached the right result. We thus summarily affirm their opinion. Ind.Appellate Rule 11(B)(3).

The jury's verdict and the judgment of the trial court are therefore affirmed.

DICKSON, SULLIVAN, SELBY, and BOEHM, JJ., concur.