Kurtis R. HALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0105–CR–285.

Court of Appeals of Indiana.

June 10, 2002.

Eric Saltzmann, Anderson, IN, Attorney for Appellant.

Stephen Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Kurtis Hall ("Hall") appeals his convictions of Burglary, a Class B felony,[1] Theft, a Class D felony[2] and Auto Theft, a Class D felony.[3] We affirm.

### Issues

Hall presents three issues for review:

I. Whether the trial court abused its discretion by permitting the State to impeach its witness Donald Choate with evidence restricted by Indiana Trial Rule 609(b);

II. Whether the trial court violated Hall's right to due process when refusing an instruction on receiving stolen property; and

III. Whether the trial court improperly sentenced Hall in reliance upon Hall's habitual offender status as a sentencing aggravator.

### Facts and Procedural History

On March 29, 2000, David Essex returned to his Fortville home to find his sliding glass door had been pried open and his home burglarized. Among the items missing from the residence were 23 shotguns and rifles, 4 handguns, knives, a

---

1. IND.CODE § 35–43–2–1.

2. IND.CODE § 35–43–4–2(A).

3. IND.CODE § 35–43–4–2.5(B)(1).

leather coat and other clothing. A 1997 GMC pickup truck, a 1998 GMC pickup truck and a travel trailer were also missing.

Fortville police questioned Amy Lemon, one of Essex's masonry employees who also occasionally cleaned his house. Eventually, Lemon implicated Hall in the burglary. Lemon informed the police that she had observed some of Essex's property in Hall's possession. Further, Lemon stated that Hall had confessed that he and an accomplice, Donald Choate ("Choate"), had burglarized the Essex home. The 1998 pickup truck was recovered in Indianapolis. The 1997 pickup truck was recovered at Hall's residence in Indianapolis. The travel trailer was found on property owned by Choate.

On July 6, 2000, the State charged Hall with Burglary, a Class B felony, Theft, a Class D felony, and Auto Theft, a Class D felony. The State further alleged that Hall was a habitual offender. Hall was tried before a jury on January 31 and February 1, 2001. He was found guilty of all counts against him. On February 26, 2001, the trial court imposed upon Hall an aggregate sentence of forty years, with ten years suspended.[4] Hall now appeals.[5]

### Discussion and Decision

#### I. Impeachment of Choate

■ Choate was called by the State to testify during its case-in-chief. The State had given notice of its intention to introduce Choate's prior convictions if he proved to be a hostile witness. Upon a showing that Choate was conducting himself as a hostile witness, the trial court permitted the State to impeach Choate by evidence of his recent and remote convictions.[6] Hall now claims that the trial court abused its discretion by admitting evidence of "stale" convictions. The essence of Hall's allegation of error is that he suffered undue prejudice when the jury was encouraged to infer that he had a close friendship with a habitual thief.

Indiana Rule of Evidence 609(a) sets forth the general rule for impeachment by evidence of conviction of crime:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery, kidnapping, burglary, arson, criminal confinement or perjury; or (2) a crime involving dishonesty or false statement.

Indiana Rule of Evidence 609(b) provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or, if the conviction resulted in confinement of the witness then the date of the release of the witness from the confinement unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and

---

4. Hall received a twenty-year sentence for Burglary, a Class B felony, enhanced by twenty years based upon his adjudication as a habitual offender. Hall received three-year sentences for each of his Class D felony convictions, to be served concurrently with the forty-year sentence.

5. Oral argument was held at St. Mary of the Woods in Terre Haute, Indiana on April 29, 2002.

6. Choate's prior convictions included: 1965 Burglary, 1970 Burglary, 1981 Forgery and 1982 Conspiracy to Commit Burglary or Theft. (Appendix 17.) Additionally, Choate had a conviction within the ten-year period preceding his testimony, specifically, a 1996 Theft conviction. (Appendix 175–76.)

circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

■ The party seeking to overcome the Rule 609(b) presumption of exclusion must support its probative value argument with specific facts and circumstances upon which the trial court may base a finding of admissibility. *Dowdy v. State,* 672 N.E.2d 948, 951 (Ind.Ct.App.1996). In *Scalissi v. State,* 759 N.E.2d 618 (Ind.2001), the Indiana Supreme Court discussed the State's use of impeachment evidence in light of Evid. R. 609(b):

> Rule 609(b), unlike Rule 403, is a rule that presumes the exclusion of convictions more than ten years old.... As such, the party seeking to admit such convictions 'must support the argument for probative value with specific facts and circumstances upon which the trial court may base a finding of admissibility.' ... In addition, the trial court must balance the probative value against the prejudicial effect of the old convictions on the record. We review this ruling under Rule 609(b) for an abuse of discretion.... The five-part test first enunciated in *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.) *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976), and reaffirmed in *United States v. Castor,* 937 F.2d 293 (7th Cir.1991), is instructive. The trial court is to consider the following five factors, but this list is not exclusive: '(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.' ... [W]hen the trial court has erroneously admitted evidence, we 'disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.' Ind. Trial Rule 61. We have interpreted this to mean that if, in light of all the evidence in the case, the error has had an insubstantial impact on the jury, the error did not affect the substantial rights of the parties.

*Id.* at 624–25.

Here, the record does not support Hall's assertion that the trial court failed to engage in the requisite balancing test. Rather, the trial court acknowledged the requirement of balancing the relevant factors, and indicated that it had considered both the arguments of the State and the defense with regard to those factors. The trial court concluded, in essence, that the series of Choate's crimes of dishonesty, including a recent conviction, demonstrated that Choate had engaged in a pattern of conduct probative of his credibility. We find no abuse of discretion in the trial court's admission of impeachment evidence.

### II. Due Process Claim

■ Hall next contends that he offered a proper instruction on receiving stolen property, which was refused by the trial court without an in-court explanation of the court's rationale for refusing the instruction. He claims that the trial court's omission deprived him of due process.

■ Generally, the manner of instructing the jury lies within the sound discretion of the trial court. *Lewis v. State,* 759 N.E.2d 1077, 1080 (Ind.Ct.App. 2001), *trans. denied.* A decision on the submission of jury instructions is only re-

versible upon a showing of abuse of that discretion. *Young v. State*, 696 N.E.2d 386, 389 (Ind.1998). A defendant is only entitled to reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights. *Hollowell v. State*, 707 N.E.2d 1014, 1023 (Ind.Ct.App. 1999).

The State contends that Hall waived his due process allegation concerning the manner in which the trial court refused his tendered instruction, because he failed in his brief to cite relevant authority to support his argument or include a verbatim recitation of the proposed instruction. We agree.

Indiana Appellate Rule 46(A)(8)(a) provides:

The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

Subsection (8)(e) provides:

When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto.

In light of his noncompliance with Appellate Rule 46(A)(8), Hall waived his argument that he was denied due process in the trial court's refusal of his instruction. Moreover, waiver notwithstanding, we are

unaware of any authority requiring that the trial court provide a *sua sponte* written or oral analysis of the reasons for refusal of an instruction to comport with the requirements of procedural due process.[7] Hall has demonstrated no reversible error.

### III. Habitual Offender Status as Aggravator

▮ Finally, Hall contends that he was twice punished due to his status as a habitual offender, once in the twenty-year sentence enhancement and second, in the use of his status as an aggravator identified by the trial court at sentencing.

▮ In *McVey v. State*, 531 N.E.2d 458 (Ind.1988), the Indiana Supreme Court remanded for resentencing where the trial court found aggravating circumstances sufficient to enhance the presumptive sentence, yet the only aggravating circumstances noted were the fact that appellant had twice previously been convicted of felonies and that a firearm was used in the robbery. Inasmuch as the use of the firearm was what raised the robbery to a Class B felony, and the two previous felonies were what supported the habitual offender finding, they could not *standing alone* be the aggravating circumstances to justify the enhanced sentence for robbery. *Id.* at 461 (emphasis added). However, a single valid aggravating circumstance may be sufficient to sustain an enhanced sentence. *Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998), *cert. denied* 531 U.S. 863, 121 S.Ct. 155, 148 L.Ed.2d 103 (2000).

---

7. When a defendant requests a lesser-included offense instruction, the trial court engages in a three-part analysis: (1) determine, by a comparison of the relevant statutes, whether the lesser-included offense is inherently included in the crime charged; if not, (2) determine whether the lesser-included offense is factually included in the crime charged; and,

if either, (3) determine whether a serious evidentiary dispute exists whereby the jury could conclude that the lesser offense was committed but not the greater. *Hauk v. State*, 729 N.E.2d 994, 998 (Ind.2000). The trial court should grant the defendant's request for a lesser-included offense instruction if it answers the third inquiry affirmatively. *Id.*

Here, the trial court's statement identifying aggravators and mitigators provided:

> The Court finds aggravation: (1) Significant criminal history, (2) commission of new criminal offenses while on parole and/or probation, and (3) habitual offender status. The Court finds mitigation: (1) Cooperation with law enforcement authorities.

(Appendix 121.) Hall's instant sentence was not aggravated solely because of the prior convictions supporting the habitual offender determination. He had a history of convictions independent of those predicate felonies.[8] Moreover, the trial court properly considered the circumstance that Hall committed the instant offenses while on parole or probation.[9] *Johnson v. State,* 725 N.E.2d 864, 868 (Ind.2000). Inasmuch as Hall's sentence enhancement is supported by valid aggravating circumstances independent of his status as a habitual offender, resentencing is not required.

### Conclusion

In light of the foregoing, Hall has not demonstrated that the trial court admitted improper impeachment evidence, violated Hall's right to due process or improperly sentenced him.

Affirmed.

ROBB, J., and MATTINGLY–MAY, J., concur.

---

**8.** The predicate convictions supporting the habitual offender determination were Hall's 1990 conviction of Forgery and his 1992 conviction of Burglary. (Tr. 386–87.) Hall also had prior convictions of Theft in 1990, Driving While Suspended in 1991, Theft in 1994, and Residential Burglary (in the State of Illinois) in 1997. (Presentence Report, Appendix 114–15.)

**9.** Hall was on parole when he committed the instant offenses. (Presentence Report, Appendix 116.)