VAIDIK, Judge,
concurring in result.
I concur in full with Parts I, III, IV, and V of the majority’s opinion. However, for the reasons explained herein, I disagree with the majority’s conclusion in Part II that the trial court properly found as an aggravating circumstance the two previous OWI convictions that also supported Pe-draza’s habitual substance offender finding.
The Indiana Supreme Court has held that the felony convictions that support a habitual offender finding cannot standing alone be relied upon as the aggravating factor of a prior criminal record to enhance a sentence. McVey v. State, 531 N.E.2d 458, 461 (Ind.1988) (“Inasmuch as the use of the gun was what raised the robbery to a Class B felony and the two previous felonies are what supported the habitual offender finding, they cannot standing alone be the aggravating circumstances to justify the enhanced sentence for the robbery.” (emphasis added)); see also Waldon v. State, 829 N.E.2d 168, 182 (Ind.Ct.App.2005), reh’g denied, trans. denied. The majority acknowledges this rule but posits that it does not affect the trial court’s sentencing decision in this case because the trial court did not “enhance” Pedraza’s sentence. The majority reasons that under the current advisory sentencing scheme, “a trial court’s finding of an aggravating circumstance no longer constitutes an ‘enhancement’ of a sentence, as *1094 the trial court is not required to use the advisory sentence.” Maj. op. at 1088.
The majority rests its conclusion largely on our Supreme Court’s statement in Jones v. State that “it is permissible for the trial court to consider the same prior offenses for both enhancement of the instant offense and to establish habitual offender status.” 600 N.E.2d 544, 548 (Ind.1992) (emphasis added). The majority apparently believes that the holdings in Jones and McVey can be reconciled based on a distinction between “enhancing” a sentencing and merely “considering” an aggravating circumstance. I believe such a distinction is illusory. If previous convictions could not justify á 'sentence increase standing alone, then why would it be proper to consider them along with other factors, as the majority suggests? Stated plainly, a bad aggravator is a bad aggravator.
I do not mean to suggest that Jones and McVey cannot be reconciled. I would simply note that the holding in Jones was borne out of two previous Supreme Court cases in which the defendants had criminal convictions in addition to the felony convictions supporting the habitual offender findings. See Criss v. State, 512 N.E.2d 858, 860 (Ind.1987) (noting that defendant had prior convictions for rape, armed robbery, burglary, robbery, confinement, and two counts of second degree burglary); Darnell v. State, 435 N.E.2d 250, 256 (Ind.1982) (defendant had “history of criminal activity which dated back to juvenile offenses and included offenses in Ohio and Illinois in addition to the prior felonies used as the basis of the habitual offender count.” (emphasis added)). These holdings are consistent with McVey in that the trial court in McVey did not rely upon any additional criminal history beyond the two felony convictions underlying the habitual offender finding.[8] See Hall v. State, 769 N.E.2d 250, 254-55 (Ind.Ct.App.2002) (distinguishing McVey because “Hall’s instant sentence was not aggravated solely because of the prior convictions supporting the habitual offender determination.”); see also Whaley v. State, 843 N.E.2d 1, 16 n. 11 (Ind.Ct.App.2006) (relying upon Hall and noting that the defendant’s sentence “was not aggravated solely because of the prior convictions supporting the habitual offender determination.”), trans. denied.
I would hold that the trial court abused its discretion in finding as an aggravating circumstance the same convictions supporting Pedraza’s habitual offender finding. Nonetheless, because the other aggravating circumstances identified by the trial court are sufficient to support Pedra-za’s sentence, I concur in the result reached by the majority.

. Regarding Jones, our Supreme Court's opinion does not reveal whether the defendant had any criminal convictions other than those used to establish his habitual offender status. 600 N.E.2d at 548.