# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY L. BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 77A01-1204-PL-180 |
| | ) | |
| TAMMY S. BROWN, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SULLIVAN SUPERIOR COURT
The Honorable Robert E. Springer, Judge
Cause No. 77D01-1011-PL-446

**December 7, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Terry L. Brown (Terry) appeals a civil judgment in favor of his ex-wife, Tammy S. Brown (Tammy). Terry argues the trial court abused its discretion when it admitted evidence regarding criminal offenses he committed over twenty years ago. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The Browns were married in 1994 and divorced in 2002. Approximately four months after their divorce was final, they began cohabiting and did so until October 27, 2010. On November 15, 2010, Tammy sued Terry, alleging he forged her name on a quitclaim deed to a property they owned jointly and alleging he battered her, which resulted in the rupture of her left breast implant.

Terry filed a motion *in limine* to exclude evidence he had been convicted in 1984 of rape and in 1985 of check deception. The court denied his motion, and Terry objected to the admission of the evidence regarding his convictions during the jury trial. The jury returned a verdict in favor of Tammy, awarding her $70,000.00 for the fraud and forgery, and $10,000.00 for the battery. Terry filed a motion to correct error, which the court denied.

## DISCUSSION AND DECISION

We first note Tammy did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id.* *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

A trial court has broad discretion in ruling on a motion to correct error. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id.*

A trial court also has broad discretion in ruling on the admissibility of evidence, and on review, we will disturb its ruling only on a showing of abuse of discretion. *Sparkman v. State*, 722 N.E.2d 1259, 1262 (Ind. Ct. App. 2000). When reviewing for abuse of discretion, we affirm if there is any evidence supporting the decision. *Id.*

Terry argues admitting evidence of his past convictions, both of which reflect offenses committed over twenty years ago, violates Indiana Evidence Rule 609, which states in relevant part:

> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery, kidnapping, burglary, arson, criminal confinement or perjury; or (2) a crime involving dishonesty or false statement.
>
> (b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or, if the conviction resulted in confinement of the witness then the date of the release of the witness from the confinement unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The party seeking to overcome the presumption such evidence should be excluded, here Tammy, must support her argument with "specific facts and circumstances upon which the

3

trial court may base a finding of admissibility." *Hall v. State*, 769 N.E.2d 250, 253 (Ind. Ct. App. 2002).

At a hearing on Terry's motion *in limine* to exclude the convictions from evidence, Tammy argued:

> [W]e believe that these two [convictions of rape and check deception] are quite relevant in that this; [sic] number one: we are arguing that there is a forge [sic] and fraudery (sic) of a document. He has a history right here of a check deception. Both – what we're alleging and what he was convicted of involved deception. Number two; [sic] we're arguing that during a sexual act he battered her causing injury. He's been convicted of rape, which involves a sexual act and of course, battery. So the two convictions that he has are quite relevant to the issues being brought forth in this matter.

(Tr. at 8.) In admitting the evidence, the trial court stated, "I believe [the admission of Terry's convictions] goes to the weight rather than the admissibility." (*Id.* at 10.) Finding the trial court's admission of Terry's stale convictions violated both sections of Evid. R. 609, we hold the trial court abused its discretion.

Evid. R. 609(a) requires evidence of a past conviction only be used "[f]or the purpose of attacking the credibility of a witness." In the instant case, Tammy used the evidence to demonstrate Terry's bad character and his propensity toward behavior similar to that which she was alleging as a basis for liability herein. Tammy mentioned Terry's convictions twice during opening arguments, including this statement:

> We believe the evidence will show by a preponderance of the evidence that [Terry], who was a paralegal while in prison for Rape and Theft and Deception, forged a document to gain financial access to a piece of property, waited until the opportunity was right to kick her out on the street so that now he and his new girlfriend could move in and live happily ever after.

4

(Tr. at 27.) During Tammy's direct examination, she mentioned Terry's convictions when testifying she met Terry at a prison:

> [Counsel]: Okay. All right. And then, uh, you married [Terry] while he was in prison?
> [Tammy]: Yes.
> [Counsel]: You knew what he was in there for didn't you?
> [Tammy]: Yes.
> [Counsel]: What was your understanding, what was he in prison for?
> [Tammy]: For rape.
> [Counsel]: And how old was the child – how old was the individual?
> [Tammy]: Nine.
> [Counsel]: Raped a nine-year-old?
> [Tammy]: Yes.

(*Id*. at 69.) Terry's conviction for rape was then mentioned during Tammy's cross-examination:

> [Counsel]: You also indicated that this rape conviction that Terry had served prison time was for a nine-year-old girl, where in fact she was twelve, wasn't she?
> [Tammy]: No the paper I has – that I have says that she's nine. And there's another one that says twelve.
> [Counsel]: Okay so you really don't know her age, you just know two different newspaper articles?
> [Tammy]: No sir, it's not a newspaper article. It is the actual copies from the courthouse when he went to trial.
> [Counsel]: But one says nine and one says twelve?
> [Tammy]: Yes sir.

(*Id*. at 128.)

In addition, Terry was asked about his rape conviction during direct examination:

> [Counsel]: Terry, we've had quite [a] bit of testimony about how you and Tammy had met back in '92 and married in '94 down in Kentucky. And I believe you've been present in court and heard your ex-wife testify that you had raped a nine-year-old girl?
> [Terry]: Yes.
> [Counsel]: That true?

| [Terry]: | Not true that a [sic] raped a nine-year-old girl, but I heard her testify to that, yes. |
|---|---|
| [Counsel]: | In fact the girl that you are alleged to have raped was twelve-years-old? |
| [Terry]: | Correct. |
| [Counsel]: | And you were sentenced to prison time for that? |
| [Terry]: | Yes I was. |
| [Counsel]: | And you served that time? |
| [Terry]: | Eight years. |
| [Counsel]: | And you got out on parole? |
| [Terry]: | Uh, the Judge that sentenced me got me out of prison. |
| [Counsel]: | In fact the Judge who sentenced you is no longer a Judge and has become somewhat of an advocate for you, hasn't he? |
| [Terry]: | Uh, he's retired after, I think, thirty years on the bench and, uh, has pretty much always been an advocate for me, yes. |
| [Counsel]: | In fact, there's a pardon pending before the Governor in the State of Kentucky, isn't there? |
| [Terry]: | Yes. |
| [Counsel]: | Who was the person who put that forward for a pardon? |
| [Terry]: | Uh, I was with the help of some of our local senators here in Indiana, [and] the Judge Fuqua in Kentucky. |
| [Counsel]: | It was actually the Judge who presided over your trial and sentenced you that is helping push this pardon through, isn't it? |
| [Terry]: | Yes sir. |

(*Id*. at 176-77.) On cross-examination, Tammy's counsel asked Terry about the alleged pardon, and was later asked by the trial court to "move on," (*id*. at 226), when Tammy's counsel attempted to further question Terry regarding the rape conviction.

In light of the context in which Terry's convictions were mentioned during trial, we conclude the evidence of his past convictions was not used for the narrow purpose permissible pursuant to Evid. R. 609(a) – to attack Terry's credibility. The evidence could have reasonably led the jury to the forbidden inference that Terry's past convictions, albeit over twenty years old, reflect his propensity to commit the acts for which Tammy alleged he

6

should be held accountable herein. Further, as the evidence was not used for the limited purpose permitted by Evid. R. 609(a), the admission of that evidence was more prejudicial than probative, which violates the exception provided in Evid. R. 609(b). *See Collins*, 966 N.E.2d at 106 (evidence of thirty year old misdemeanor battery arrest and charge was highly prejudicial because the admission thereof unfairly tipped the scales of justice against Collins). Accordingly, we reverse and remand.

Reversed and remanded.

NAJAM, J., and KIRSCH, J., concur.