Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED
Mar 24 2014, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ALBERT K. J. PURCELL**
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE:

**REBECCA L. LOCKARD**
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALBERT J. PURCELL, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 10A01-1309-DR-390 |
| | ) |
| THERESA M. PURCELL, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Jerry F. Jacobi, Judge
Cause No. 10C02-0906-DR-117

**March 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Following a dissolution of marriage between Albert Purcell and Theresa Purcell, the trial court issued a qualified domestic relations order ("QDRO") that distributed funds from a profit sharing account owned by the parties prior to their divorce. Albert, pro se, appeals the QDRO, raising the following issue for our review: whether the QDRO improperly modified the terms of the parties' decree of dissolution. Concluding the QDRO did not countermand the terms of the decree of dissolution, we affirm.

## Facts and Procedural History

On May 25, 2012, the trial court entered a decree of dissolution and dissolved the parties' marriage. Among the assets at issue in the dissolution was a Kitchen Kompact Profit Sharing Account ("the Account"). The decree stated the Account's "balance as of October 31, 2010 is $123,564.78." Appellee's Appendix at 4. The decree concluded the Account "shall be split equally between the parties. [Theresa] shall receive her share through a Qualified Domestic Relations Order prepared by [Albert] within thirty (30) days of the date of this Order." Id. at 6. In another portion of the decree, the trial court concluded "Theresa should receive an equal sharing [sic] from [the Account], by Qualified Domestic Relations Order. Theresa's counsel shall prepare the QDRO, with full cooperation from Albert and his counsel." Id. at 7-8.

On March 6, 2013, the trial court issued the QDRO, which was prepared by Albert's attorney. The QDRO stated in pertinent part:

> The amount of [Theresa's] benefit under the [Account] shall be one-half of $123,564.78 (or $61,782.39) as of October 31, 2010, the date of the court's

valuation, which one-half share shall be adjusted for any gains or losses since October 31, 2010, calculated without regard to any previous loans made by [Albert] before or after dissolution.

Id. at 13. Upon learning of the QDRO, Albert attempted to contact his attorney several times but was unsuccessful. Eventually, on April 23, 2013, Albert proceeded pro se and filed a motion to correct error, arguing the QDRO improperly modified the decree. A hearing was held on August 6, 2013, and the trial court denied Albert's motion. This appeal followed.

## Discussion and Decision

### I.  Standard of Review

A trial court's ruling on a motion to correct error is reviewed under an abuse of discretion standard. Paragon Family Restaurant v. Bartolini, 799 N.E.2d 1048, 1055 (Ind. 2003). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances or if it misapplied the law. Brown v. Brown, 979 N.E.2d 684, 685 (Ind. Ct. App. 2012).

### II.  The QDRO

Albert argues that the QDRO operated to improperly modify the terms of the parties' decree. More specifically, he contends the QDRO incorrectly adjusted for gains or losses on the Account since the October 31, 2010 valuation date, rather than merely distributing one-half of the money that existed in the Account as of that date. Theresa responds that the court's ruling on the motion to correct error, which was made without specific grounds for the denial, may be affirmed for two reasons: (1) Albert's motion to correct error was untimely, and (2) the QDRO did not improperly modify the decree.

3

First, Theresa argues the trial court properly denied Albert's motion to correct error because it was untimely. A motion to correct error must be filed no later than thirty days after the entry of judgment. Ind. Trial Rule 59(C). In fact, the trial court issued the QDRO on March 6, 2013, and Albert did not file his motion to correct error until April 23, 2013, a time that exceeded the deadline under Trial Rule 59. Denial on that basis would not be an abuse of discretion.

Assuming that Albert's motion was or could be treated as a motion for relief from judgment under Indiana Trial Rule 60(B), Albert's argument would still be unsuccessful on the merits. Indiana law states that orders concerning property disposition in a dissolution of marriage "may not be revoked or modified, except in case of fraud." Ind. Code § 31-15-7-9.1(a). However, the QDRO in this case did not modify the decree. The decree stated that "[t]he [Account] balance as of October 31, 2010 is $123,564.78 and shall be split equally between the parties." Appellee's App. at 6 (emphasis added). The decree did not say Theresa was entitled to $61,782.39 from the Account. The QDRO did precisely what the decree proposed: it split the Account equally between the parties. A truly equal division of the Account could not be attained without consideration of gains or losses. The QDRO was proper and the trial court's denial of Albert's motion to correct error was not an abuse of discretion.

## Conclusion

Concluding the QDRO did not improperly modify the terms of the parties' decree of dissolution, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.