## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2017, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John D. Bodine
Sullivan, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey A. Boyll
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicole L. Brown,

*Appellant-Defendant,*

v.

Tammy S. Brown,

*Appellee-Plaintiff.*

November 30, 2017

Court of Appeals Case No.
77A01-1703-PL-676

Appeal from the Sullivan Superior Court

The Honorable Lakshmi Y. Reddy, Special Judge

Trial Court Cause No.
77D01-1011-PL-446

**Mathias, Judge.**

[1] Nicole Brown ("Nicole") appeals a jury verdict against Terry Brown ("Terry") and her and in favor of Tammy Brown ("Tammy") in the amount of $75,000.

Nicole argues that Tammy failed to offer sufficient evidence to support an award of monetary damages against her. Terry does not appeal.

[2] We affirm.

## Facts and Procedural History

[3] The facts most favorable to the verdict reveal that Tammy and Terry Brown ("Terry") were married in 1992. In 2002, they were divorced; however, Tammy moved back in with Terry four months later. They lived together until 2010, but never remarried. A coal company purchased Tammy and Terry's home in December 2007, and Terry used part of the proceeds to purchase nineteen and one-half acres of land in Sullivan county. A warranty deed was signed and notarized in 2008 deeding the property to Terry and Tammy as husband and wife, although they were not married at the time. Over the next several months, Terry and employees from his construction company built a home on the property ("the Real Estate")[1] where Tammy and Terry moved in January 2010.

[4] In September 2010, Tammy and Terry were involved in an altercation. Tammy testified that while they were having sexual intercourse, Terry accused her of sleeping with another man. Tammy explained, "I was on top and he just went like this and just throwed (sic) me like that and I landed on the nightstand." Tr.

---

[1] The Real Estate was appraised for $140,000. Ex. Vol., Plaintiff's Ex. 7.

Vol. II, p. 111. As a result, Tammy suffered injuries to her left breast implant, and after three to four days it was completely flat.[2]

[5] On October 12, 2010, Terry executed a quitclaim deed that transferred the Real Estate from Terry and Tammy to Terry only. Although the deed contained Tammy's signature, she testified at trial that she never signed the document and that Terry forged her signature.[3] Fifteen days later, Terry and Tammy got into a heated argument, and Terry called the police to have officers remove Tammy from the home. Sullivan County Sherriff's Department Officer Jason Bobbitt ("Officer Bobbitt") arrived, and Terry showed him the quitclaim deed that indicated the Real Estate was in Terry's name only. As a result, Officer Bobbitt forced Tammy to leave.

[6] In December 2010, Tammy filed a complaint against Terry alleging (1) that Terry committed forgery and fraud by signing Tammy's name on the quitclaim deed, and (2) that Tammy suffered damages from the September incident when her left breast implant was ruptured. A trial was held in February 2012, and the jury returned a verdict on February 28 against Terry for $80,000. Three days later, Terry executed a quitclaim deed assigning his interest in the Real Estate to

---

[2] Tammy's implant was repaired five years later for $5,000. Tr. Vol. II, pp. 116–17.

[3] At trial Terry denied forging Tammy's signature and testified that Tammy willingly signed the deed. Tr. Vol. III, p. 23. However, he did admit to falsifying the notarization on the deed, an act for which he was charged with and pleaded guilty to criminal deception. Id. at 39.

Nicole Myers ("Nicole"). Nicole is Tammy's former daughter-in-law,[4] and at the time of the property transfer, she was dating Terry.[5]

[7] Terry appealed the judgment against him, and in December 2012 a panel of this court reversed the trial court and remanded. *Brown v. Brown*, 979 N.E.2d 684 (Ind. Ct. App. 2012).[6] Tammy then filed a second complaint on April 5, 2016. The first two counts were the same as in the original complaint; however, Tammy added a third count for fraudulent transfer of the Real Estate from Terry to Nicole. Under count III, Tammy requested that the fraudulent transfer be set aside.

[8] A two-day jury trial commenced on February 27, 2017. On two separate occasions during trial, counsel for both parties and the court grappled with a jury instruction that would have given the jury the ability to set aside the transfer of Real Estate from Terry to Nicole. The instruction was not given, and the trial court remarked that relief under count III was to be determined "post-verdict."[7] Tr. Vol. III, p. 82. The verdict forms agreed to by counsel and the court, and submitted to the jury, referenced only an awarded dollar amount. The jury returned a general verdict stating, "We the jury decide in favor of the

---

[4] Nicole and Tammy's son Donald divorced on October 20, 2010.

[5] Terry and Nicole married on March 26, 2012.

[6] This court reversed because evidence of Terry's prior convictions was improperly introduced at trial, and the admission was more prejudicial than probative. *Brown v. Brown*, 979 N.E.2d 684, 687 (Ind. Ct. App. 2012).

[7] Because Sullivan County does not use the Odyssey case management system, this court is unable to determine from mycase.in.gov whether a post-verdict proceeding was ever held.

Plaintiff Tammy S. Brown and against the Defendant Terry L. Brown and Nicole L. Brown and decide plaintiff[']s damages are $75,000." *Id.* at 120. Nicole now appeals.

## Discussion and Decision

[9] On appeal, a general verdict will be sustained upon *any* theory consistent with the evidence presented. *Tipmont Rural Elec. Membership Corp. v. Fischer*, 697 N.E.2d 83, 86 (Ind. Ct. App. 1998), *aff'd*, 716 N.E.2d 357 (Ind. 1999) (emphasis added). We do not reweigh evidence or judge the credibility of witnesses, and we consider only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *Id.* "Only where there is a total failure of evidence or where the jury's verdict is contrary to the uncontradicted evidence will it be reversed." *Id.* at 86–87. When the jury issues a general verdict, it is presumed that all facts essential to recovery have been found in favor of the plaintiff. *Warren Const. Co. v. Powell*, 173 Ind. 207, 89 N.E. 857, 859 (1909).

[10] Nicole contends that Tammy "failed to offer any evidence whatsoever that would support, or in any way justify, an award of monetary damages in her favor and against Nicole." Appellant's Br. at 15. We disagree.

[11] During trial, Tammy presented evidence that established the value of the Real Estate and the cost to repair her breast implant. Tammy offered, and the trial court admitted, a detailed appraisal of the Real Estate indicating a final estimate value of $140,000. Ex. Vol., Plaintiff's Ex. 7. Additionally, Tammy provided an

estimate of surgical fees to repair and replace her breast implants for $6,210.[8] Ex. Vol., Plaintiff's Ex. 11. Tammy then testified that she had them repaired elsewhere for $5,000. Tr. Vol. II, p. 116. All of this evidence was available to the jury as it deliberated.

[12] However, the jury was given only two verdict forms: one finding in favor of Tammy, and one finding in favor of Terry and Nicole. Appellee's App. pp. 43–44. The verdict form in favor of Tammy indicated relief against both Terry and Nicole, and it provided a blank line for the jury to write in an amount for damages. *Id.* at 43. Counsel for both parties discussed the verdict forms prior to completion of the evidence at trial, and Nicole's counsel indicated, "I'm fine with both of those." Tr. Vol. II, p. 178.

[13] Nicole was named as a defendant only in count III because of the fraudulent transfer of the Real Estate into her name. On several occasions during trial, the court and counsel for both parties grappled with the question of whether to provide the jury with the following instruction:

> If you find that the defendant Terry L. Brown transferred his interest in the real estate at issue to his wife Nicole L. Brown (1) with actual intent to hinder or delay the claims of the plaintiff; (2) without receiving a reasonably equivalent value in exchange for the transfer; and (3) believed or reasonably should have

---

[8] This estimate is for the removal and replacement of both breast implants. Tammy explained at trial that both had to be done because she had previously had saline implants, and was now putting in silicone. Tr. Vol. II, p. 117. Tammy indicated that there could not be one implant with saline and one with silicone. *Id.*

believed that the plaintiff would obtain judgment against him in this action you may disregard the transfer to Nicole L. Brown.

Appellee's Br. at 11. After the completion of evidence, both parties and the court had the following exchange relating to the proposed jury instruction and the verdict forms:

| | |
|---|---|
| [The Court]: | We've approved a jury form for the Plaintiff, or a verdict form for the Plaintiff and the verdict form that was approved by counsel and accepted by the Court, references only an awarded dollar damage and that's what we agreed to. That's what counsel agreed to, that's what I agreed to and that's what needs to go to the jury. |
| [Tammy's Counsel]: | And I suppose that brings us back to your original thought that this issue is a post-verdict issue. |
| [The Court]: | Well the relief, the relief is a post-verdict. |

*** 

| | |
|---|---|
| [Nicole's Counsel]: | If this instruction is not given and we submit the verdict form to the jury as we approved, I'm willing to do that. |
| [Tammy's Counsel]: | The verdict form for the Plaintiff? |
| [Nicole's Counsel]: | Yes the verdict for the Plaintiff. |
| [Tammy's Counsel]: | Okay, I think that's a reasonable compromise (inaudible) this instruction as a post-verdict matter, okay? I'm okay with that. |

***

| | |
|---|---|
| [The Court]: | Hypothetically you know I'm just saying hypothetically if there is a judgment in favor of Plaintiff. |
| [Nicole's Counsel]: | Ya and I'm really concerned at this juncture about submitting something to the jury that we're having this much of an argument about at this point in time but I think that may be a reasonable compromise. |
| [Tammy's Counsel]: | Yep I agree. |
| [The Court]: | Let's just leave this 9 out and you want to withdraw or you want the Court to, how do you want to? |
| [Tammy's Counsel]: | I'll withdraw it. |
| [The Court]: | Now [Nicole's Counsel] assuming there's a Plaintiffs verdict, what's going to happen to that property? |
| [Nicole's Counsel]: | I kind of think that's my clients' problem, I think if there's a Plaintiffs verdict that they are going to have to go ahead and execute on the judgment- |
| [The Court]: | Alright. |
| [Nicole's Counsel]: | And then that's going to be my guys' problem and their problem. |

Tr. Vol. III, pp. 82–84.

[14] By rendering a verdict in Tammy's favor, the jury implicitly found that Terry committed forgery and fraud when he transferred the Real Estate into his name only, that Terry's actions directly caused Tammy's injuries to her left breast, and that Terry fraudulently transferred the Real Estate from his name into

Nicole's. As a result, the jury could reasonably find that Nicole currently holds a significant property interest that was fraudulently transferred.

[15] In addition, the jury was never provided with a verdict form differentiating between defendants or separating by counts, and counsel decided to withdraw a jury instruction that would have provided the jury with the opportunity to set aside the fraudulent transfer. Even more importantly, Nicole's counsel never objected to the verdict forms provided to the jury. *See Murphy Auto Sales, Inc. v. Coomer*, 123 Ind. App. 709, 112 N.E.2d 589, 594 (1953) (holding that a general jury verdict was sustained by sufficient evidence—even though appellees could not both be liable under first paragraph of the complaint—where no objection was made to the verdict forms given to the jury and no other forms were offered.)

[16] The jury's damage award against Terry and Nicole is supported by the evidence admitted at trial of the Real Estate's value and the cost to repair Tammy's breast implant; and it is consistent with the agreed verdict form given to the jury. Accordingly, we find that the jury performed its duty with the tools it was provided, and its decision was consistent with the evidence presented at trial.

[17] Affirmed.

Vaidik, C.J., and Crone, J., concur.