Clyde SPARKMAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9811–CR–857.

Court of Appeals of Indiana.

Jan. 31, 2000.

Timothy J. Miller, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Petitioner Clyde Sparkman ("Sparkman") was convicted after a trial by jury of Possession of Cocaine within 1,000 feet of a public park, a class B felony,[1] and Resisting Law Enforcement, a class A misdemeanor.[2] Sparkman now appeals his Possession of Cocaine conviction. We affirm.

### Issue

Sparkman raises two issues on appeal, which we consolidate and restate as whether the trial court erred in admitting a map from the Marion County Surveyor's Office that contained a radius line showing the distance between Sparkman's site of arrest and a public park was less than 1,000 feet.[3]

---

1. IND.CODE § 35–48–4–6.

2. IND.CODE § 35–44–3–3.

3. Additionally, Sparkman alleges that the trial court's admission of the Surveyor's map vio-

## Facts

The following are the facts most favorable to the verdict: On March 12, 1998, several Indianapolis Police Officers ("Officers") executed a search warrant at 209 N. Randolph Street after an undercover officer made a controlled purchase of cocaine there. (R. 108, 126, 194, 197, 300). Officers arrested Sparkman after they saw him put suspected cocaine down a bathroom drain.

At Sparkman's trial, the State presented both a certified, sealed copy of a Marion County Surveyor's map ("Surveyor's map") showing that 209 N. Randolph Street was located within 1,000 feet of a public park and the testimony of Park Ranger Schmid ("Park Ranger"), who measured the distance of Sparkman's cocaine possession from the public park with a measuring wheel. Sparkman joined in the objection made by the co-defendant at trial, who stated, "[y]our typical map doesn't have a thousand foot radius marking on it." (R. 422). The trial court overruled Sparkman's objection, stating that "[u]nder [Ind. Evidence Rule] 803–8, it's a certified public record and it's admissible as such." (R. 422). Additionally, the State elicited the following testimony from the Park Ranger:

Q[State]: And ... how was it that you [Park Ranger] ... made these measurements [from 209 N. Randolph Street to the public park]?

A[Park Ranger]: Through the use of a measuring wheel.

. . . .

Q: Did somebody at Indiana Weights and Measures tell you that it had been calibrated when they gave it back to you?

A: Yes, they gave me a sheet with the results.

Q: And ... did you also ... check [the measuring wheel] against something yourself?

A: I checked it against a cloth tape.

Q: What type of cloth tape, a measuring tape?

A: Yes, it's a measuring tape.

(R. 411, 415–16). Sparkman objected to the admission of the above testimony, stating that it constituted hearsay. The trial court overruled Sparkman's objection. The State continued its direct examination of the Park Ranger by questioning him about the distance from 209 N. Randolph Street to the public park as follows:

A: 785.5 feet.

Q: And then ... that will be from the front of the residence at 209 [N. Randolph Street], ... to the street sign?

---

lated his confrontation rights, as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, section 13 of the Indiana Constitution. However, this issue is inextricably tied with the hearsay issue squarely addressed by this opinion, as noted by our court in *Ground v. State*, 702 N.E.2d 728, 731–32:

> The hearsay exceptions reflect the concern that hearsay evidence be admitted only when the proponent can demonstrate that the evidence bears the necessary indicia of reliability. Absent such a demonstration, the hearsay rule and its underlying principles demand that the evidence be excluded. This is especially true in criminal cases, where the defendant's right to confront

witnesses takes on a constitutional dimension. *See* 5 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE, 802.04[3][b] (2d ed. 1998) ("In criminal cases, the hearsay rule is suffused with constitutional hues, and therefore, applied more stringently than in civil cases.").

Here, we engage in an evaluation of hearsay; accordingly, this opinion respects both the Indiana Evidence Rules and the confrontation rights of the defendant. *See also Ealy v. State*, 685 N.E.2d 1047 (Ind.1997) (holding that hearsay evaluations under Indiana Evidence Rule 803(8) respect the confrontation rights of the defendant). Therefore, we do not separately address the confrontation issue raised by Sparkman.

A: To the park sign, yes.

Q: To the park sign, I'm sorry. Now can you add in the distance to the back of the house, to the alley?

A: The east/west distance?

Q: Yes.

A: 891 feet.

. . . .

Q: . . . and according to your measurements, that would be the absolute furthest possible point in the house to the park, correct?

A: Yes, I believe so.

(R. 418—19).

The jury found Sparkman guilty of Possession of Cocaine within 1,000 feet of a public park, a class B felony,[4] and of Resisting Law Enforcement, a class A misdemeanor. This appeal followed.

## Discussion and Decision

Sparkman contends that the trial court erred in admitting the Surveyor's map that included a radius line showing 209 N. Randolph Street was located within 1,000 feet of a public park. Sparkman's argument further alleges that the State failed to provide an adequate hearsay exception for the radius line or to establish that the radius line was not a "factual finding" as included under Indiana Evidence Rule 803(8)(c).

### Standard of Review

■ A trial court has broad discretion in ruling on the admissibility of evidence, and on review, we will only disturb a trial court's ruling upon a showing of abuse of discretion. *Ealy v. State*, 685 N.E.2d 1047, 1050–51 (Ind.1997). When reviewing a trial court's decision under an abuse of

discretion standard, we will affirm if there is any evidence supporting the trial court's decision. *Gleason v. Bush*, 689 N.E.2d 480, 484 (Ind.Ct.App.1997). "Moreover, a claim of error in the admission or exclusion of evidence will not prevail on appeal 'unless a substantial right of the party is affected.'" *Kellett v. State*, 716 N.E.2d 975, 978 (Ind.Ct.App.1999) (quoting Evid. R. 103(a)). In determining whether error in the introduction of evidence affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *McClain v. State*, 675 N.E.2d 329, 331 (Ind.1996). Admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *Id.* at 331–32.

### *Indiana Evidence Rule 803(8)— Trustworthiness*

■ Hearsay is a statement made out of court that is offered into evidence to prove the truth of the fact asserted in the statement itself. *Arndt v. State*, 642 N.E.2d 224, 227 (Ind.1994) (citing Evid. R. 801(c)). Hearsay is not admissible at trial unless it fits within some exception to the hearsay rule. Ind. Evid. Rules 802 and 803. Indiana Evidence Rule 803(8) is one such exception.

**Rule 803. Hearsay Exception: Availability of Declarant Immaterial**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness . . . .

(8) **Public Records and Reports.** Unless the sources of information *or other circumstances indicate lack of trustworthiness*, records, reports, statements, or data compilations in any form of a public office or agency, setting forth its regularly conducted and regularly re-

---

4. Sparkman complains that the admission of the radius line caused the elevation of his felony from a class D felony to a class A felony (Brief of Appellant at 6, 8, 11, 13, 18).

However, Sparkman was charged and convicted of Possession of Cocaine as a class B felony. (R. 563).

corded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: ...; (c) factual findings offered by the government in criminal cases;....

(Italicized portion added for emphasis).

■■■ " 'The hearsay exception for public records and reports is based on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports.' " *Ealy v. State*, 685 N.E.2d at 1054 (quoting R. MILLER, INDIANA PRACTICE, INDIANA EVIDENCE 652 (1995)). Absent our own case law involving issues stemming from Evid. R. 803(8), we may be informed by federal case law applying Federal Rule of Evidence 803(8). *See id.* at 1051. In *U.S. v. Loyola–Dominguez*, 125 F.3d 1315, 1318 (9th Cir.1997), the court held that documents that fall under the public records exception "are presumed trustworthy, placing the burden of establishing untrustworthiness on the opponent of the evidence." However, "if the defendant can show that there is a reason to doubt the trustworthiness of the report, then the rule protects him." *Ealy v. State*, 685 N.E.2d at 1054.

■■ Here, Sparkman joined in the objection made by his co-defendant at trial, who stated that "[y]our typical map doesn't have a thousand foot radius marking on it." (R. 422). Sparkman's objection, in addition to the radius line's position on the map (such that the line's half-circle contained 209 N. Randolph Street) raises circumstances that indicate lack of trustworthiness. Moreover, the State offered no evidence from which it could be inferred that the inclusion of a 1,000–foot radius line was within the "regularly conducted and regularly recorded activities" of the Surveyor's office, nor did the State offer evidence as to who drew the line on the map. Accordingly, the Surveyor's map did not evince the requisite trustworthiness to remain within the public records exception to hearsay under Evid. R. 803(8). Consequently, it was error to admit the Surveyor's map as inclusive of the radius line.[5] Nevertheless, the erroneous admission of the Surveyor's map was harmless error.

### Harmless Error – Park Ranger's Testimony

Errors in the admission of evidence, including hearsay, are to be disregarded as harmless unless they affect the substantial rights of a party. Ind. Trial Rule 61; *Robinson v. State*, 693 N.E.2d 548, 553 (Ind.1998). To determine whether the defendant's substantial rights were prejudiced, we must assess the probable impact of the improperly admitted evidence upon the jury. *Bonner v. State*, 650 N.E.2d 1139, 1141 (Ind.1995). Admission of hearsay evidence is not grounds for reversal where it is merely cumulative of other evidence admitted. *Robinson*, 693 N.E.2d at 553.

■ Here, the Park Ranger testified that based upon his measurements the distance from the site of Sparkman's cocaine possession (209 N. Randolph Street) to the public park was 891 feet. (R. 418–19). The Park Ranger used a measuring wheel that had been calibrated by the Indiana Department of Weights and Measures. (R. 412–14). Before measuring the distance from 209 N. Randolph Street to the public park, the Park Ranger checked the

---

**5.** Having determined that the Surveyor's map did not evince the requisite trustworthiness sufficient to permit the inclusion of the 1,000–foot radius line under Evid. R. 803(8), we need not address Sparkman's contention that the radius line was a "factual finding" and thus an exception to Evid. R. 803(8). See Evid. R. 803(8)(c).

accuracy of the measuring wheel against a cloth measuring tape. (R. 415–16).

Our court addressed the foundational requirements for admission of a measurement of distance using a measuring wheel in *Charley v. State*, 651 N.E.2d 300 (Ind. Ct.App.1995), in which we held in pertinent part as follows:

> Because there are no statutory requirements regarding the method of measurement or the operation of a measurement device, and because there is no complex scientific process necessary to obtain a measurement of distance as distance can be measured with a yardstick or even a tape measure, we reject [Appellant's] contention that the State was required to offer expert testimony regarding the operation or accuracy of the [measuring wheel] used in this case. Moreover, we determine that the State is only required to show that the measuring device was accurate and was operated correctly in order to allow the admission of the distance as evidence.

*Id.* at 303 (internal citations omitted). In *Charley*, we determined that based upon the simple nature of the measuring device used that the testimony of the officer was adequate foundation for the admission of the distance measured by the officer. *Id.* at 304.

Similar to the officer's testimony in *Charley*, the Park Ranger testified that the measuring wheel was both calibrated upon receipt and determined to be accurate by his own independent analysis. Therefore, the Park Ranger's testimony was sufficient to lay an adequate foundation for the admission of the distance of Sparkman's possession of cocaine from the public park. Accordingly, the trial court did not abuse its discretion in admitting the Park Ranger's testimony that indicated 209 N. Randolph Street was 891 feet from a public park. Thus, the jury was presented with the Park Ranger's uncontroverted testimony that Sparkman's possession of cocaine was within 1,000 feet of a public park.[6]

*Conclusion*

In summary, we conclude that Sparkman's objection, and the radius line's position on the Surveyor's map, showed reason to doubt the trustworthiness of the document. Accordingly, the Surveyor's map failed to evince the requisite trustworthiness of Evid. R. 803(8). Therefore, it was error for the trial court to admit the Surveyor's map. Nevertheless, the distance from 209 N. Randolph Street to the public park was sufficiently established through the testimony of the Park Ranger, causing the Surveyor's map to be merely cumulative of other admitted evidence. Consequently, the erroneous admission of the Surveyor's map was harmless error. For the foregoing reasons we affirm.

Affirmed.

KIRSCH, J., concurs.

MATTINGLY, J., concurs in result.

---

**6.** Sparkman did not offer evidence regarding the distance from Sparkman's possession of cocaine to the public park. However, on appeal Sparkman generally contends that the Park Ranger's "measuring techniques" were "questionable." (Brief of Appellant at 15). We decline this invitation to reweigh the testimony, or judge the credibility of the Park Ranger, "as it is the province of the jury to hear the testimony given by the witnesses and to assess credibility and veracity." *See Jordan v. State*, 656 N.E.2d 816, 818 (Ind.1995).