Frank TARDY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9901–CR–26.

Court of Appeals of Indiana.

May 26, 2000.

---

[2] · DFI is clearly immune under I.C. §§ 34–13–3–3(5) and (6). Thus, we need not address DFI's claims of immunity under I.C. §§ 34–13–3–3(7) and (10).

Timothy J. Miller, Marion County Public Defender Agency, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney Gen-

eral, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Frank Tardy appeals his conviction of Possession of Cocaine within 1,000 feet of a public park, a Class B felony. Tardy raises three issues for our review, which we consolidate and restate as:

1. Whether the trial court properly admitted into evidence a map from the Marion County Surveyor's Office upon which several lines were drawn purporting to show the area encompassing 1,000 feet from a public park.

2. Whether there is sufficient evidence to support Tardy's conviction for possession of cocaine.

We affirm.

### FACTS

Led by Detective Bobbie James, officers of the Indianapolis Police Department executed a search warrant at a drug house located at 209 North Randolph Street. After they knocked on the door but received no answer, the officers forced entry and identified themselves as police. Detective James saw six to seven people in the kitchen. Tardy and Clyde Sparkman fled to an upstairs bathroom. Detectives James and Michael Vitali followed, again identifying themselves as police officers and ordering the two men to stop. Either Tardy or Sparkman slammed the bathroom door shut.

Detective Vitali kicked the door open, and James noticed Sparkman near the bathtub drain attempting to discard a substance later determined to be cocaine. Tardy stood behind the bathroom door. A set of keys and United States currency lay within inches of his feet. One of the keys opened the front door and another opened a wooden box built into a bedroom closet.

Detective Vitali found a baggie of crack cocaine on the floor between the toilet and the wall, equidistant between Tardy and Sparkman.

Tardy, Sparkman and another defendant were tried together. During its case-in-chief, the State moved to introduce into evidence a certified copy of a map from the Marion County Surveyor's Office. Several lines were drawn upon the map. Two lines purportedly delineated an area extending 1,000-feet north from Willard Park, and another line connected those two radii. According to the map, as altered by the lines, 209 North Randolph Street lies within 1,000 of the park. Tardy objected on the ground, "Your typical map doesn't have a thousand foot radius marking on it." Record at 499. The court admitted the map as a certified public record pursuant to Indiana Rule of Evidence 803(8). Tardy was found guilty of possession of cocaine within 1,000 feet of a public park and of resisting law enforcement. He now appeals.

### DISCUSSION AND DECISION

#### Issue One: Public Records Hearsay Exception

Tardy contends that the trial court erred when it admitted into evidence the Marion County Surveyor's map. Specifically, he claims that the map as altered constitutes inadmissible hearsay. The admission or exclusion of evidence rests within the trial court's sound discretion. *Roche v. State*, 690 N.E.2d 1115, 1134 (Ind. 1997). The court's decision is reviewed on appeal only for an abuse of that discretion. *Spencer v. State*, 703 N.E.2d 1053, 1057 (Ind.1999).

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c); *Ground v. State*, 702 N.E.2d 728, 730 (Ind.Ct.App. 1998). A "statement" includes an oral or

written assertion. Ind. Evidence Rule 801(a). Hearsay is inadmissible except as provided by law or by the rules of evidence. Ind. Evidence Rule 802; *Ground,* 702 N.E.2d at 730.

Evidence Rule 803(8) describes a hearsay exception for "records, reports, statements, or data compilations in any form" of a public office or agency "[u]nless the sources of information or other circumstances indicate lack of trustworthiness." The exception applies to records and reports

> setting forth [the office or agency's] regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Ind. Evidence Rule 803(8).

■ Here, Tardy concedes that the Surveyor's duties include preparation of maps, but he insists that preparation of the map, as altered by the lines drawn upon it, was not one of the Surveyor's duties, was not part of the Surveyor's "regularly conducted and regularly recorded activities" and did not result from "an investigation made pursuant to authority granted by law." *Id.* We agree. The lines were obviously added to the original map for the purpose of litigation.

1. Having concluded that the map did not evince the requisite trustworthiness sufficient to merit admission under Indiana Evidence Rule 803(8), we need not address whether the radius lines constitute a "factual finding" offered by the State and, thus, render the map inadmissible under Rule 803(8)(c); *accord Sparkman,* 722 N.E.2d at 1263 n. 5. We have resolved the issue on the basis of the map's trustworthiness because that ground was preserved at trial when Tardy asserted, "Your typical map doesn't have a thousand foot radius marking on it." And in his appellate brief, Tardy correctly states that the rules of evidence allow for the admission of public records "if they satisfy the court as to their trustworthiness."

As altered, the map constitutes a written assertion offered to prove that 209 North Randolph Street was within 1,000 feet of Willard Park. If proven, that fact would elevate the offense to a Class B felony. *See* IND.CODE § 35–48–4–6. Tardy notes correctly that our rules of evidence admit a public record into evidence only if it indicates trustworthiness. He also notes that the State did not show who had placed the radius lines on the map, the Surveyor or someone else. On appeal, in a companion case brought by Sparkman, Tardy's co-defendant in this trial, our court concluded that it was error to admit the Surveyor's map because the map did not evince the requisite trustworthiness to remain within the public records exception to hearsay under Evidence Rule 803(8). *Sparkman v. State,* 722 N.E.2d 1259, 1263 (Ind.Ct.App. 2000). The altered map was not a public record. While the original Surveyor's map was presumed trustworthy under the public records exception, the altered map was not entitled to that presumption. *See id.*[1] The trial court should have sustained Tardy's objection.

■ However, admission of the map into evidence was harmless error. Joseph Schmid, captain of the park rangers for the Indianapolis Department of Parks and Recreation, testified that he measured the distance from 209 North Randolph Street to Willard Park. He used a measuring wheel that had been calibrated by the Indiana Department of Weights and Mea-

> The primary rationale for the public records exception to the hearsay rule is that public records are trustworthy. Here, the facts confirm Tardy's contention that the public record had been altered, the altered document was offered to prove the truth of a material issue, and the person making the alteration was neither identified nor called as a witness. On those grounds, Tardy successfully overcame the presumption that the public record was trustworthy. While, on appeal, it is Tardy's principal argument that the map constitutes a factual finding, he also raised the issue of trustworthiness and identified the facts in the record that support his claim.

sures, and he checked the accuracy of the wheel against a cloth measuring tape. Schmid's uncontroverted testimony is that 209 North Randolph Street is located within 1,000 feet from Willard Park. Under these circumstances, admission of the altered Surveyor's map did not affect Tardy's substantial rights, and there is no reversible error. *See* Ind. Trial Rule 61; *Sparkman*, 722 N.E.2d at 1263–64 (admission of map was not grounds for reversal).

## Issue Two: Sufficiency of the Evidence

■ Tardy also contends that the evidence is insufficient to establish his possession of the cocaine. When we review convictions for sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Ladd v. State*, 710 N.E.2d 188, 190 (Ind.Ct.App.1999). We look to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* We will affirm the convictions if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Fish v. State*, 710 N.E.2d 183, 184 (Ind.1999).

■ A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Macklin v. State*, 701 N.E.2d 1247, 1251 (Ind.Ct.App.1998). Actual possession occurs when a person has direct physical control over the item. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind.1999). Constructive possession occurs when one has the intent and capability to maintain dominion and control over the item. *Id.*

■ Knowledge is a key element in proving intent. *Id.* Knowledge may be inferred from the exclusive dominion and control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Goliday*

*v. State*, 708 N.E.2d 4, 6 (Ind.1999). Inferred knowledge has been found through a variety of means, including: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the contraband to the defendant; (5) location of the contraband within the defendant's plain view; and (6) the mingling of the contraband with other items owned by the defendant. *Henderson*, 715 N.E.2d at 836. Circumstantial evidence alone may be relied upon to determine if the intent of a crime exists. *Fields v. State*, 679 N.E.2d 1315, 1321 (Ind.1997).

■ Here, Tardy did not have exclusive possession of the premises. However, when the police officers entered the property, Tardy and Sparkman fled to an upstairs bathroom and slammed the door. Police kicked in the door and found cocaine in the bathtub drain. Tardy stood behind the door. A set of keys and currency lay within inches of his feet, suggesting that Tardy had just emptied his pockets. One key opened the front door; another opened a wooden box built into a bedroom closet. Police found a baggie of crack cocaine behind the toilet located between Tardy and Sparkman.

This constitutes sufficient evidence to show Tardy knew the substance was cocaine. It further supports a determination that Tardy had the intent and capability to maintain control over the drug. On this record, a reasonable jury could have found Tardy guilty of possession of cocaine within 1,000 feet of a public park.

Affirmed.

BROOK, J., concurs.

ROBB, J., concurs in result with separate opinion.

ROBB, Judge, concurring in result

I respectfully concur in the result reached by the majority with respect to Issue One. When the map was offered

into evidence at trial, the defense objected as follows:

> I'm going to object to the admission of that map into evidence. The mark that [the State] asked the officer about ... writing on it indicates that it's a thousand feet radius from that park. And if it's not appropriate for this witness to testify to that....
>
> ...
>
> Your typical map doesn't have a thousand foot radius marking on it.

R. 499. A *specific* and timely objection must be made in order to preserve a claim of error in the admission or exclusion of evidence for appeal. *Kellett v. State,* 716 N.E.2d 975, 981 (Ind.Ct.App.1999). I would not consider Tardy's objection to admission of the map to be "specific," and would thus consider it waived.

However, to the extent Tardy has attempted to clarify his objection on appeal via the arguments he has advanced in his appellate brief, he has limited his argument to the issue of whether the line on the map constitutes a "factual finding" which removes the map from the public record exception to the hearsay rule pursuant to subsection (c) of Evidence Rule 803(8). My colleagues have restated the issue presented by Tardy to include the more generic issue of whether the map as altered by the radius line constitutes a "public record" in the first instance, and have held that it is not a public record entitled to the presumption of trustworthiness which would except the map from the hearsay rule.

I would not restate the issue, but would decide this case on the specific issue presented by Tardy: whether the map as altered by the radius line is inadmissible pursuant to Rule 803(8)(c) because the map as admitted constitutes a factual finding. *See Ealy v. State,* 685 N.E.2d 1047 (Ind.1997). I would hold that it does not constitute a factual finding and therefore is admissible, because a radius line recording a given a distance "requires no subjective interpretation by [a] public official that

could taint trustworthiness." *Id.* at 1051. Factual findings are conclusions drawn from the facts. *Shepherd v. State,* 690 N.E.2d 318, 326 (Ind.Ct.App.1997), *trans. denied.* In this case, the radius line *is* the fact – a mere recordation of a concrete measurement requiring no "inferential selection between possible truths." *Ealy,* 685 N.E.2d at 1051. Accordingly, I would hold that subsection (c) does not exclude the map from the public records exception to the hearsay rule, that the map is admissible pursuant to Rule 803(8), and that the trial court did not abuse its discretion in admitting the map.

Although the majority holds that the trial court erred in admitting the map over Tardy's objection, it also holds that such error was harmless. I therefore concur in result.