**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 08 2014, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MARK ROBINSON,                            )
                                          )
    Appellant-Respondent,            )
                                          )
      vs.                        )   No.  49A02-1402-CR-122
                                          )
STATE OF INDIANA,                         )
                                          )
    Appellee-Petitioner.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F18-1304-FD-26171

**December 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Mark Robinson appeals his conviction for Theft,[1] a class D felony. Robinson argues that the trial court erred when it admitted evidence of an uncharged act and maintains that the trial court's failure to issue a limiting instruction with regard to the evidence resulted in fundamental error. Finding that the evidence was admissible under Indiana Evidence Rule 404(b) and concluding that no fundamental error occurred, we affirm.

## FACTS

On April 14, 2013, Robinson was inside a Kroger store located at 11101 Pendleton Pike. Andrew Orwig, a loss prevention and security officer, was working at the Kroger that day. While completing his rounds, Orwig observed Robinson, who was wearing a bright red and white shirt and a ball cap, arranging family packs of meat and seafood into large piles in his cart. Finding it suspicious that Robinson was piling hundreds of dollars of meat into his cart, Orwig watched Robinson and notified other employees of the situation, asking them to tell him if Robinson left the store.

Orwig then proceeded to the store's foyer, where he waited for Robinson to exit. The foyer area is past the cash registers; there is no way to make a purchase upon exiting through the foyer to the parking lot. Robinson appeared prepared to exit the store with the cart full of meat with two bags of Beneful dog food placed on top. None of the items was in Kroger grocery bags. Orwig and store co-manager Sean Gore observed Robinson. Orwig identified himself to Robinson, ordered him to stop, and asked him to reenter the

---

[1] Ind. Code § 35-43-4-2.

2

store. Robinson became agitated and began shaking. Robinson argued with Orwig and then took off towards the door. Orwig stood in front of Robinson, who kept "bumping into" him. Tr. p. 33. Gore took charge of the cart Robinson had been pushing. As a store employee came in with carts, Robinson tripped over a cart, landing on the sidewalk, then ran through the parking lot. Orwig was unable to catch him. Robinson's cart contained pork loins, ribeyes, t-bone steaks, and crab legs worth approximately $400.

The Kroger security system caught the incident on camera. Robinson had escaped in a maroon full-size Chevrolet Astro van, but Orwig was able to note the license plate. Orwig notified the police, but they were unable to find a match to the license plate, because it was read to the police incorrectly. Later, Orwig identified Robinson from a photo lineup.

On April 24, 2013, the State charged Robinson with theft as a class D felony. On November 4, 2013, the State filed its notice of intent to offer evidence of an uncharged March incident at trial pursuant to Indiana Rule of Evidence 404(b). On November 14, 2013, the State filed an amended information alleging that Robinson was an habitual offender. On November 25, 2013, the trial court held a hearing to determine the admissibility of the Rule 404(b) evidence. It determined that the March incident would be admissible.

At Robinson's January 9, 2014, jury trial, Orwig testified that he had come into contact with Robinson before, during an incident at a different Kroger in March 2013. The day of that incident, Orwig was monitoring the store's security cameras when he saw

3

Robinson roll his cart out of the store with items that had not been bagged. As Robinson was about to enter his vehicle, a large maroon Chevrolet Astro, Orwig approached him and asked for a receipt. Robinson jumped into the passenger side of the van and drove away. The license plate on the van used in this incident was a match to the license plate used in the April 15 incident. The items that Robinson took were recovered, but, because they had left the store, were unsellable. Robinson had taken king crab legs, ribeyes, and t-bone steaks. The packages were neatly arranged and two bags of dog food had been placed on top.

On January 9, 2014, the jury found Robinson guilty as charged. Robinson waived his right to a jury trial on the habitual offender count, and the trial court found him to be an habitual offender on January 14, 2014. The trial court sentenced Robinson to three years for theft, enhancing the sentence by two years for the habitual offender finding, for an aggregate sentence of five years. Robinson now appeals.

## DISCUSSION AND DECISION

A trial court has broad discretion in ruling on the admissibility of evidence, and, on review, we will disturb its ruling only on a showing of abuse of discretion. Sparkman v. State, 722 N.E.2d 1259, 1262 (Ind. Ct. App. 2000). When reviewing a decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the decision. Id. A claim of error in the admission or exclusion of evidence will not prevail on appeal unless a substantial right of the party is affected. Ind. Evidence Rule 103(a). In determining whether error in the introduction of evidence affected a defendant's

4

substantial rights, we assess the probable impact of the evidence on the jury. Sparkman, 722 N.E.2d at 1262.

Indiana Evidence Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Evidence Rule 404(b) allows the introduction of evidence of other crimes and wrongs for purposes other than proving propensity to commit the charged crime, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To be admissible under Evidence Rule 404(b), the evidence must be relevant to some matter other than the defendant's propensity to commit crimes and the prejudicial effect of the evidence must not substantially outweigh its probative value pursuant to Indiana Evidence Rule 403. Berry v. State, 715 N.E.2d 864, 867 (Ind. 1999).

Robinson contends that it was error for the trial court to admit evidence of the uncharged March incident because the evidence was not legitimately or rationally related to any argument raised by Robinson. In support of this argument, Robinson cites to Sundling v. State, 679 N.E.2d 988 (Ind. Ct. App. 1997). In Sundling, a panel of this Court determined that the trial court had erred when it allowed evidence that the accused, charged with child molesting, had previously committed uncharged acts of child molesting. The Sundling court held that "[t]he exceptions in Evid.R. 404(b) are only available when a defendant goes beyond merely denying the charged crimes and affirmatively presents a specific claim contrary to the charge." Id. at 993.

5

In the instant case, Robinson argues that, as in <u>Sundling</u>, he did not place motive, intent, preparation, plan, knowledge, identity, absence of mistake, or accident at issue and that, therefore, the State could not present Rule 404(b) evidence regarding such issues. Robinson's reliance on <u>Sundling</u> is misplaced. In <u>Sundling</u>, we determined that the testimony regarding the uncharged acts did "not provide proof of any of the enumerated uses under Evid. R. 404(b)," and found that the State had failed to show any rational and legitimate connection between other bad acts and some matter actually at issue in the case. <u>Id.</u> at 993. Here, motive and intent were certainly placed at issue. During closing argument, defense counsel argued that Robinson did not have the "intent to conceal" the product and argued that Robinson might have been in the foyer to look at seasonal displays, rather than to steal the products.[2] Tr. p. 103-105.

Here, the evidence regarding the uncharged incident in March directly rebutted Robinson's defense that he had not intended to steal the produce when he placed it in the cart and walked to the foyer, bypassing the cash registers. It showed that Robinson had performed this action on more than one occasion, and that he has indeed exited the premises with goods, which then became unsellable. The evidence showed that it was unlikely that Robinson was still "in the process of shopping" when he entered the foyer. <u>Id.</u> at 103. Therefore, we find that the evidence was admissible to show motive and intent and conclude that the trial court did not err in admitting the evidence of the uncharged act in March.

---

[2] We do not know whether this defense was raised in opening argument, as the opening arguments were not included in the transcript. Tr. p. 24.

6

Robinson next argues that the trial court erred when it failed to determine whether the evidence was relevant or more prejudicial than probative. However, Robinson directs us to no authority stating that a trial court must explicitly articulate its thought process in determining the relevance of evidence or in balancing the probative value and prejudicial effect of evidence. Therefore, this argument is waived.

Finally, Robinson argues that the trial court's failure to issue a limiting instruction regarding the 404(b) evidence resulted in fundamental error. The State concedes that when extrinsic act evidence is introduced, it is proper for the trial court to issue an instruction to the jury explaining limited purpose for which the evidence may be used. Hare v. State, 467 N.E.2d 7, 18-19 (Ind. 1984). However, Robinson did not object to the lack of such an instruction, nor did he request or proffer an instruction, and this argument is waived. Williams v. State, 489 N.E.2d 594, 601 (Ind. Ct. App. 1986). Therefore, Robinson must show fundamental error. Fundamental error is a "substantial, blatant violation of due process," so prejudicial to the rights of the defendant that it renders a fair trial impossible. Hall v. State, 937 N.E.2d 911, 913 (Ind. Ct. App. 2010).

Here, while a limiting instruction would have been proper, we do not find that the lack of such an instruction rendered a fair trial impossible. Even without the 404(b) evidence, the jury heard sufficient evidence to convict Robinson, and no harm resulted from the lack of a limiting instruction.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.

7