## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2016, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Meggan Smith
Marion County Public Defender's Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Denise Stone,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 14, 2016

Court of Appeals Case No.
49A05-1602-CR-310

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

The Honorable Stanley Kroh, Magistrate

Trial Court Cause No.
49G15-1503-CM-9514

**Pyle, Judge.**

# Statement of the Case

Denise Stone ("Stone") appeals her conviction by jury of theft as a Class A misdemeanor. Her sole argument is that the trial court abused its discretion when it excluded testimony from her thirteen-year-old daughter, T.H., that T.H. had previously shoplifted at Target. Finding that this evidence was not relevant, we conclude that the trial court did not abuse its discretion and affirm.

We affirm.

# Issue

> Whether the trial court abused its discretion in excluding evidence.

# Facts

On March 15, 2015, Stone, T.H., Stone's sister, and Stone's nephew went to an Indianapolis Old Navy store. As Stone entered the store with a large brown purse that appeared to be empty, she looked around the store to see where the cameras were placed and the employees were positioned. T.H. walked to the middle of the store and appeared to act as a lookout. These were "red flag behaviors" to loss prevention lead Brian Peterson ("Peterson"). (Tr. 28). Peterson watched Stone go to the back of the store, make quick merchandise selections without looking at prices or sizes, carry the merchandise behind a display stand, and place it in her purse. Peterson never lost sight of Stone and never saw anyone else put anything in her purse.

[4] Thereafter, the group "kind of reconvened" and got in line at a register. (Tr. 31). Stone's sister returned some merchandise, but Stone made no attempt to remove or pay for the items she had placed in her purse. As Stone exited the store through a first set of doors, Peterson identified himself, told Stone that he had seen her conceal merchandise in her purse without paying for it, and asked her to return to the store to fill out some paperwork. Stone initially started to go back into the store but then became combative and resistant. She and Peterson were each pulling on the purse when a store manager approached the scuffle and helped Peterson gain control of the purse. Stone and her family fled the store, got in their car, and immediately left the premises. Peterson was able to get a license plate number and a vehicle description. In addition, he found Stone's identification card in the purse.

[5] The State charged Stone with theft as a Class A misdemeanor for "knowingly or intentionally exert[ing] unauthorized control over the property of Old Navy, to-wit: clothing, with the intent to deprive Old Navy of any part of the use or value of the property." (App. 16). At trial, Peterson identified photographs of the eighteen articles of clothing that were found in Stone's purse.

[6] During Stone's case-in-chief, T.H. testified that she put the articles of clothing in her mother's purse. The trial court excluded T.H.'s testimony that she had previously shoplifted from Target. During an offer of proof, T.H. testified that at some point during the last four years, she had gone to Target with her cousin and shoplifted headphones and a phone case. A Target employee saw her leaving the store with the items and told her to put them back.

At the conclusion of the trial, the jury convicted Stone of Class A misdemeanor theft. She appeals.

# Decision

Stone argues that the trial court abused its discretion in excluding evidence. Specifically, she contends that the trial court abused its discretion when it excluded testimony from T.H. that T.H. had previously shoplifted at Target.

The exclusion of evidence falls within the sound discretion of the trial court, and we review the exclusion of evidence for an abuse of discretion. *Luke v. State*, 51 N.E.3d 401, 415 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* When reviewing a decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the decision. *Thompson v. State*, 15 N.E.3d 1097, 1101 (Ind. Ct. App. 2014), *reh'g denied*. A claim of error in the exclusion of evidence will not prevail on appeal unless a substantial right of the party is affected. Ind. Evidence Rule 103(a). In determining whether error in the introduction of evidence affected a defendant's substantial rights, we assess the probable impact of the evidence on the jury. *Sparkman v. State*, 722 N.E.2d 1259, 1262 (Ind. Ct. App. 2000).

Indiana Evidence Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." However, Indiana Evidence Rule 404(b)(2) allows the introduction of other

crimes and wrongs for purposes other than proving propensity to commit the charged crime, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. To be admissible under this exception, the evidence must be relevant to some matter other than the defendant's propensity to commit the crimes and the prejudicial effect of the evidence must not substantially outweigh its probative value pursuant to Indiana Evidence Rule 403. *Thompson*, 15 N.E.3d at 1102. A trial court's discretion in admitting evidence of prior bad acts includes determining the significance of the similarity or remoteness of the evidence. *Hicks v. State*, 690 N.E.2d 215, 220 (Ind. 1997).

[11] Under what has come to be called "reverse 404(b)," a defendant can introduce evidence of someone else's conduct if it tends to negate the defendant's guilt. *Garland v. State*, 788 N.E.2d 425, 429 (Ind. 2003). The admissibility of evidence about prior bad acts by persons other than defendants is subject to Rule 404(b). *Id.* at 430.

[12] Here, Stone contends that "[t]he identity of the person who put several items of Old Navy merchandise into Ms. Stone's purse was a central issue at her trial. . . . [e]vidence of T.H.'s prior theft should have been admitted to show the identity of the person who committed the theft . . . . T.H.'s prior theft was 'strikingly similar' to the theft from Old Navy." (Stone's Br. 9, 10).

[13] Stone's argument fails for two reasons. First, the identity of the person who placed the merchandise into Stone's purse was not at issue, and was therefore

not relevant. Peterson testified that he watched Stone go to the back of the store, make quick merchandise selections without looking at prices or sizes, carry the merchandise behind a display stand, and place it in her purse. Peterson never lost sight of Stone and never saw anyone else put anything in the purse. Stone's identification card was found in the purse. Second, T.H.'s prior shoplifting experience at Target was not similar to the theft from Old Navy. At Target, T.H. was with her cousin when she attempted to take earphones and a phone case. A Target employee saw her leaving the store with the merchandise and told her to put them back. The theft at Old Navy involved placing eighteen items of clothing in a purse that was brought into the store for that purpose. T.H. went to Old Navy with her mother, who looked around for cameras and employees after she entered the store. In addition, T.H. did not remember when the Target incident had occurred. She only knew that it happened after her father had died four years before. Based on the foregoing, the trial court did not abuse its discretion in excluding T.H.'s testimony that she had previously shoplifted at Target.

[14] Affirmed.

Bradford, J, and Altice, J., concur.