# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 04 2017, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Natividad Perez-Mendoza, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 4, 2017 <br><br> Court of Appeals Cause No. 32A01-1609-CR-2128 <br><br> Appeal from the Hendricks Circuit Court <br><br> The Honorable Daniel F. Zielinski, Judge <br><br> Trial Court Cause No. 32C01-1503-F6-229 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Natividad Perez-Mendoza (Perez-Mendoza), appeals her conviction for three Counts of identity deception, Class D felonies, Ind. Code § 35-43-5-3.5(a) (2014); and one Count of identity deception, a Level 6 felony, I.C.§ 35-43-5-3.5(a).

We affirm in part, reverse in part, and remand with instructions.

# ISSUES

Perez-Mendoza presents two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion by admitting Perez-Mendoza's employment records under the business record exception; and

(2) Whether Perez-Mendoza's four Counts of identity deception violated the prohibition against double jeopardy under the Indiana Constitution.

# FACTS AND PROCEDURAL HISTORY

Sometime in 2011, Lisa Dumais (Dumais), formally known as Lisa Whitaker, a resident of Cleveland, Ohio, had her wallet stolen. Dumais' wallet contained her Social Security card and driver's license as well as her debit and credit cards. In 2014, the United States Internal Revenue Service (IRS) wrote to Dumais accusing her of owing $3,315.49 in taxes for failing to report income from Electronic Recyclers in Plainfield, Indiana. Dumais filed a police report in Ohio.

[5]     Sometime in March of 2015, the Plainfield Police Department received an email from "an outside agency out of Ohio" stating that Dumais' Social Security Number (SSN) had being utilized by an individual at Electronic Recyclers in Plainfield. Detective Ryan Bugler (Detective Bugler), who was assigned to the case, visited Electronic Recyclers and spoke with the human resources department. After going through its records, the human resources department confirmed Dumais' SSN had been used by Perez-Mendoza. Perez-Mendoza was cooperative, and she accompanied Detective Bugler to the police station. After Perez-Mendoza was *Mirandrized* and a Spanish interpreter was present in the room, Perez-Mendoza stated that in 2012, being out of a job and having three children to support in Mexico, she was approached by a woman who identified herself as Lisa Whitaker, and the woman offered her a Social Security card and driver's license to help her find employment. Perez-Mendoza admitted that she used Dumais' name and SSN to obtain employment at Electronic Recyclers. Perez-Mendoza also stated that she did not know it was illegal to obtain employment using false identification.

[6]     On March 26, 2015, the State filed an Information, charging Perez-Mendoza with Counts I-III, identity deception, Class D felonies, I.C. § 35-43-5-3.5(a) (2014), and Count IV, identity deception, a Level 6 felony, I.C. § 35-43-5-3.5(a). Shortly before her jury trial, Perez-Mendoza filed a motion to dismiss Counts II, III, and IV, pursuant to the double jeopardy clause under the Indiana Constitution. The trial court did not make a ruling on that motion and the matter proceeded to trial. During her trial on July 26, 2016, over Perez-

Mendoza's counsel's objection, the trial court admitted State's Exhibit 1, which mostly consisted of Perez-Mendoza's employment records from Electronic Recyclers, under the business records exception. Perez-Mendoza also renewed her motion to dismiss Counts II through IV under the double jeopardy prohibition, but was denied. At the close of the evidence, the trial court found Perez-Mendoza guilty as charged. On August 22, 2016, the trial court held Perez-Mendoza's sentencing hearing. The trial court entered a judgement of conviction on all four Counts. Subsequently, the trial court merged Counts II, III, and IV into Count I; however, it sentenced Perez-Mendoza to concurrent sentences of one year to each Count in the Hendricks County Jail.

[7] Perez-Mendoza now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

### I. *Admission of State's Exhibit 1*

[8] Perez-Mendoza first argues that the State's Exhibit 1, which consisted of her employment records from Electronic Recyclers, did not qualify for admission under the business records exception and should have been excluded from the evidence. It is well established that the trial court has broad discretion in ruling on the admissibility of evidence, and, on review, we will disturb its ruling only on a showing of abuse of discretion. *Sparkman v. State*, 722 N.E.2d 1259, 1262 (Ind. Ct. App. 2000). When reviewing a decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the decision. *Id*. A claim of error in the admission or exclusion of evidence will not prevail on

appeal unless a substantial right of the party is affected. Ind. Evidence Rule 103(a). In determining whether error in the introduction of evidence affected a defendant's substantial rights, we assess the probable impact of the evidence on the jury. *Sparkman*, 722 N.E.2d at 1262.

[9] As noted, Perez-Mendoza used Dumais' identity to obtain employment, and the State's Exhibit 1 was a seventy-six-page document from Electronic Recyclers which included Perez-Mendoza's employment application, offer letter, copies of timecards, checks and pay stubs, performance evaluation, a notice of pay increase, a direct deposit form, various tax and investment forms, as well as Dumais' identification card and Social Security card. When the State offered Exhibit 1 for admission, Perez-Mendoza objected by contending that it was not properly authenticated under the business records exception. In response, the State argued, "[T]here's what's called a business record affidavit. It is signed by the record keeper of the corporation that holds and creates this record. It is notarized. It is from California. It is the authentication that shows that these are actual records kept in the ordinary course of Electronic Recycler's business." (Tr. p. 139). Based on the State's argument, the trial court admitted State's Exhibit 1 and stated:

Uh Ladies and Gentlemen, um when you have documents brought in you can't just say hey, I want to give this document. It has to be some sort of authentication that can be by the person saying yes, that's my document that I prepared, or it can be done by affidavit. And the affidavit has to say something like, this is a true and accurate copy of what's in our business records. That meets uh Rule 803[(6)]. There is an affidavit. It is properly authenticated. Objection overruled.

(Tr. pp. 139-140). On appeal, Perez-Mendoza maintains that the certificate attached to the State's Exhibit 1, did not "meet the requirements of Rule 803(6) (A)-(C)." (Appellant's Br. p. 21). Perez-Mendoza also asserts that the certificate was not signed under the penalty of perjury. In addition, she contends that "the certificate did not set forth the qualifications of the purported custodian or [an]other qualified custodian." (Appellant's Br. p. 21).

[10] The reliability of business records stems from the fact that the organization depends on them to operate, from the sense that they are subject to review, audit, or internal checks, from the precision engendered by the repetition, and from the fact that the person furnishing the information has a duty to do it correctly. *Stahl v. State*, 686 N.E.2d 89, 92 (Ind. 1997). Therefore, the proponent of a business record can satisfy the requirements of Evidence Rule 803(6) by calling a witness who has a functional understanding of the record keeping process of the business with respect to the specific entry, transaction, or declaration contained in the document." *Rolland v. State*, 851 N.E.2d 1042, 1045 (Ind. Ct. App. 2006). "The witness need not have personally made or filed the record or have firsthand knowledge of the transaction represented by it in order to sponsor the exhibit." *Id.* Moreover, a sponsoring witness is not required to testify that she knows the person who recorded the information had personal knowledge of the transactions. *Payne v. State*, 658 N.E.2d 635, 645 (Ind. Ct. App. 1995), *trans. denied.* Records kept in the regular course of business are presumed to have been created by someone with knowledge, unless there is a showing to the contrary. *Id.*

[11] In the instant case, the State did not offer the testimony of a custodian or other qualified witness to testify with respect to State's Exhibit 1; therefore, to be admissible, State's Exhibit 1 must have been accompanied by a certification that complies with Evidence Rule 902(11), which provides that, "[u]nless the source of information or the circumstances of preparation indicate a lack of trustworthiness, the original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification under oath of the custodian or another qualified person," is self-authenticating and requires no extrinsic evidence of authenticity to be admissible. Here, the State's exhibit was accompanied by the following certificate:

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☑ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

*I Carolyn A. DeBellis certify this is a true and accurate copy of Electronic Recyclers International employee file for Lisa Whitaker.*

*Carolyn A. DeBellis*

Signature of Document Signer No. 1          Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Fresno_

LINDA L. RAMOS
Commission # 1984457
Notary Public - California
Fresno County
My Comm. Expires Aug 3, 2016

Seal
Place Notary Seal Above

Subscribed and sworn to (or affirmed) before me

on this _15_ day of _July_ , 20 _16_ ,
          Date          Month          Year
by
(1)_Carol DeBellis_

(and (2)_____ ),
          Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
          Signature of Notary Public

———————————— OPTIONAL ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*
**Description of Attached Document**
Title or Type of Document: _Employee File_          Document Date: _____
Number of Pages: _23_ Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

Page 2 of 76

[12]    (State's Exh. 1).  The State agrees with Perez-Mendoza that the certificate in question did not show that the requirements of Rule 803(6)(A)–(C), were met. Specifically, the affiant in this case, Carol DeBillis, did not state that she is the keeper of the employment records for Electronic Recyclers, nor did she aver

that records contained in the exhibit were made regularly in the Electronic Recyclers' business, or that she has personal knowledge of the records.

[13] We agree with Perez-Mendoza's contention that the certificate in question falls short of the requirements of Evidence Rule 803(6)(A)-(C)—*i.e.,* it fails to show whether the record was made at or near the time by someone with knowledge, it also fails to show that the record was kept in Electronic Recyclers' regular course of business, and it failed to aver that it is in Electronic Recyclers' regular practice to make the record. Because the admission of State's Exhibit 1 lacked a proper foundation to establish it as a business record, it should not have been admitted over Perez-Mendoza's objection, and we must determine if the error was harmless.

[14] When a trial court abuses its discretion in the admission of evidence, we will reverse only if the error is inconsistent with substantial justice or affects the substantial rights of a party. *See* Ind. Trial Rule 61; *Pitts v. State*, 904 N.E.2d 313, 318 (Ind. Ct. App. 2009), *trans. denied*. In viewing the effect on a defendant's substantial rights, we look to the probable impact on the factfinder. *Pitts*, 904 N.E.2d at 318. "The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Lafayette v. State*, 917 N.E.2d 660, 666 (Ind. 2009). "Reversal may be compelled if the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact on the fact-finder, thereby contributing to the judgment."

*Ground v. State*, 702 N.E.2d 728, 732 (Ind. Ct. App. 1998). "To determine whether the erroneous admission of irrelevant and prejudicial evidence . . . is harmless, we judge whether the jury's verdict was substantially swayed. If the error had substantial influence, or if one is left in grave doubt, the conviction cannot stand." *Lafayette v. State*, 917 N.E.2d 660, 666-67 (Ind. 2009) (citation and internal quotation marks omitted).

[15] In her appellate brief, Perez-Mendoza argues that her case is analogous to *Ground*, 702 N.E.2d at 729, whereby we reversed the defendant's convictions for forgery and theft due to the erroneous admission of improper evidence. In *Ground*, the defendant was working part-time at Employability Services, and as part of her job, the defendant frequently wrote checks and presented them to the owner of the company, Judith Woods, for her signature. *Id*. In August of 1996, Woods noticed that the bookkeeping was not current and that checks were missing from the company's check book. *Id*. Woods subsequently received a bank statement which indicated that a number of unauthorized and unrecorded checks had been written on the company's account. *Id*. Woods then conducted an audit and obtained microfilm copies of the checks from the bank. *Id*. In total, twenty-two unauthorized checks had been written between May and October of 1996. *Id*. Over the defendant's objection, the trial court admitted State's Exhibit 1, which contained certain bank records from the defendant's account at National City Bank, including a copy of the defendant's signature card from her savings account and microfilm copies of a deposit slip from the defendant's checking account, a cashout slip in the amount of $400.00, a

$975.00 unauthorized check paid by Employability Services to the defendant, and three checks paid to the defendant from other payors. *Id.* at 730. In support of Exhibit 1, the State presented an affidavit by Michael Guio, a fraud investigation manager with National City Bank, swearing that the documents contained in State's Exhibit 1 were true and accurate documents kept in National City Bank's ordinary course of business. *Id.* The trial court admitted it into evidence, and at the close of the defendant's bench trial, the defendant was found guilty as charged. *Id.* On appeal, the defendant argued that the admission of the bank records under the business records exception was a reversible error. *Id.* The defendant contended and the State agreed, that the affidavit of the fraud investigator was insufficient in two respects: (1) it failed to aver that the records were transmitted by a person with personal knowledge; (2) it failed to aver that it is National City Bank's regular practice to make the records. *Id.* at 731. On the first deficiency, we concluded that the Rules of Evidence permit a rebuttable presumption that the business records are made by someone who had personal knowledge, as such, we conduced that the defendant had failed to rebut that presumption. *Id.* On the second deficiency, however, we concluded that without proof that the bank records are regularly made, the State had not laid a proper foundation for the exhibit under the plain meaning of Rule 803(6). *Id.* Accordingly, we concluded that the trial court erred in admitting the records. *Id.* That said, we additionally found that erroneous admission of the exhibit in *Ground*, was not harmless. *Id.* at 732. As such, we concluded that the State's repeated references to the exhibit impacted

the judgement of the fact-finder. *Id.* Accordingly, we reversed the defendant's convictions. *Id.*

[16] Here, unlike *Ground*, the State presented other evidence apart from the challenged employment records contained in State's Exhibit 1—*i.e.*, testimonies from Detective Bugler and Perez-Mendoza. At trial, Detective Bugler testified that when he interviewed Perez-Mendoza, she stated that she was born in Mexico and when she moved to the United States, she "didn't have the right paperwork to gain employment." (Tr. p. 151). Detective Bugler added that Perez-Mendoza advised him that in 2012, she was unemployed and that a lady, who identified herself as Lisa Whitaker, approached her and helped her obtain identification documents. Perez-Mendoza also reiterated that by using Lisa Whitaker's ID, she was able find a paying job. Perez-Mendoza added that while working at Electronic Recyclers, she "pretended to be Lisa Whitaker." (Tr. p. 205).

[17] "The improper admission of evidence is harmless error when the reviewing court is satisfied that the conviction is supported by substantial independent evidence of guilt so that there is no substantial likelihood that the challenged evidence contributed to the conviction." *Meadows v. State*, 785 N.E.2d 1112, 1121 (Ind. Ct. App. 2003), *trans. denied.* Because the fact-finder in the instant case was presented with other evidence showing that Perez-Mendoza, using Dumais' stolen identification documents, posed as Lisa Whitaker to obtain employment at Electronic Recyclers, any error in the admission of the State's Exhibit 1 was harmless.

## II. *Double Jeopardy*

[18]   Finally, Perez-Mendoza argues that her four convictions of identity deception are barred by constitutional protections against double jeopardy clause of the Indiana Constitution, article 1, § 14. She contends all but one of the convictions must be vacated. The State counters that Perez-Mendoza was not subjected to double jeopardy because the trial court merged Counts II, III, and IV to Count I, and did not impose any sentences on Counts II through IV. We disagree.

[19]   The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." IND. CONST. art. 1, § 14. "Indiana's Double Jeopardy Clause . . . prevent[s] the State from being able to proceed against a person twice for the same criminal transgression." *Hopkins v. State,* 759 N.E.2d 633, 639 (Ind. 2001) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). The Indiana Supreme Court has held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson,* 717 N.E.2d at 49.

[20]   "An offense is the same as another under the actual evidence test when there is a reasonable possibility that the evidence used by the fact-finder to establish the essential elements of one offense may have been used to establish the essential

elements of a second challenged offense." *Id.* The Indiana Supreme Court clarified this test in *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002), where the court held that the test is not whether the evidentiary facts used to establish one of the essential elements of one offense may also have been used to establish one of the essential elements of a second challenged offense; rather, the test is whether the evidentiary facts establishing the essential elements of one offense also establish all of the elements of a second offense. If the evidentiary facts establishing one offense establish only one or several, but not all, of the essential elements of the second offense, there is no double jeopardy violation. *Id.*

[21] In this case, the State's evidence established that in 2012, Perez-Mendoza, using Dumais' Social Security card and identification card, applied for a job through a staffing agency in Plainfield, Indiana and was assigned to work with Electronic Recyclers. From May of 2012 until January of 2015, Perez-Mendoza received paychecks under Lisa Whitaker's name. The charging Information shows that the State charged Perez-Mendoza with four Counts of identity deception for each year she worked at Electronic Recyclers using Dumais' identity. Here, after the jury trial, Perez-Mendoza was found guilty as charged. At the close of the sentencing hearing, the trial court stated as follows:

[Perez-Mendoza], you have been found guilty by a jury of your peers of three [C]ounts of identity deception as [] [C]lass D felon[ies] and one [C]ount as a [L]evel 6 felony. The maximum penalty for a D felony is three years, the minimum is six months. The maximum for a L[evel] 6 [felony] is two and a half years and the minimum is six months . . . . I'm going to, again we've already entered judgment, but I'm going to merge all four of those [C]ounts into a [C]lass D felony . . . I'm going to sentence you on each. . . on [C]ount one, I'm going to sentence you to one year [in] Hendricks County Jail[;]

[C]ount two, one year [in] Hendricks County Jail [;] [C]ount three, one year [in] Hendricks County Jail[;] [C]ount four, one year [in] Hendricks County Jail. Again all those are merged, give you credit for fifty eight actual 20 days plus fifty eight, suspend the reminder of the time on to probation.

(Tr. Vol. II, pp. 52-53). The trial court's written Judgement of Conviction and Sentencing Order mirrored the oral sentencing statement. Specifically, the order shows a judgement of conviction for all four Counts of identity deception; but, in the sentencing section, the trial court merges Counts II, III, and IV to Count I, and Perez-Mendoza is only sentenced with respect to Count I. However, the Abstract of Judgement reflects something different. In part one, the trial court lists the "DISPOSITION" for Count I as "Finding of Guilty," and Counts II through IV as "Conviction Merged." (Appellant's App. Vol. II, p. 174). Then, below, the court enters a single sentence of 116 days executed and 249 days suspended to probation.

[22] Here, we find that the trial court's act of merging, without also vacating Perez-Mendoza's Counts II, III, and IV convictions, is not sufficient to cure a double jeopardy violation. In *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006), our Supreme Court held that "a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic' as far as double jeopardy is concerned." The facts before us are distinguishable from *Green* because the trial court entered judgment on all Counts of identity deception. The act of merging the previously entered judgments at the sentencing hearing did not cure the double jeopardy violation.

[23]   As noted, a double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the "practical effect" of concurrent sentences or by merger after conviction has been entered.  *Morrison v. State*, 824 N.E.2d 734, 741-42 (Ind. Ct. App. 2005), *trans. denied*.  The trial court's oral and written sentencing order reflect judgments of conviction on all four Counts of identity deception against Perez-Mendoza, yet it chose to "merge" the sentences rather than vacating her convictions for Counts II though IV. Accordingly, we remand this cause to the trial court with an order to vacate Perez-Mendoza's Counts II, III, and IV convictions for identity deception.  In addition, we also order the amendment of the trial court's Judgment of Conviction and Sentencing Order to reflect conviction of only Count I and to send the amended documents to the Department of Correction.

# CONCLUSION

[24]   In sum, we conclude that the trial court committed a harmless error in admitting State's Exhibit 1.  Nonetheless, because Perez-Mendoza's convictions with respect to Counts II, III, and IV constitute double jeopardy, we remand to the trial court with an order to vacate those three convictions.

[25]   Affirmed in part, reversed in part, and remanded with instructions.

[26]   Crone, J. and Altice, J. concur.